# Harrison v. Simons.

### Statutory Real Action in Nature of Ejectment.

1. *Execution of deed; who are grantors.*—Where several persons are named in a deed as grantors, and their signatures and seals are affixed to it, another person who is not named in it, although his signature and seal are affixed, is not one of the grantors, and the deed does not pass his interest in the lands.

2. *Attestation of deed; certificate of probate.*—Under the several statutory provisions regulating the execution and probate of deeds (Rev. Code, §§ 1, 1535, 1544, 1549-50), the attesting witness or witnesses must be able to write, and must write each his own name; and where a deed is attested by two witnesses, one of whom makes his mark, its probate within twelve months (§ 1544) is not sufficient to make it admissible in evidence without further proof ; yet, if its execution is proved, before a proper officer, by the witness who wrote his own name, and the certificate of probate is in the form prescribed by the statute (§ 1549), this will be sufficient, in the absence of contradictory evidence, to make it admissible.

3. *Notarial seal; certificate of probate.*—When a deed is acknowledged or proved before a notary public (Rev. Code, §§ 1083, 1090), it is not necessary

that his certificate of acknowledgement or probate should be under his official or notarial seal.

APPEAL from the Circuit Court of Washington. Tried before the Hon. H. T. TOULMIN.

This action was brought by T. J. Harrison against John W. Simons, to recover a town lot in St. Stephens, and was commenced on the 27th of August, 1873. The defendant pleaded not guilty, and the statute of limitations; and issue was joined on these pleas. Both parties claimed title under E. W. Barnett, deceased. On the trial, as the bill of excep-. tions shows, the plaintiff offered in evidence a deed for the premises in controversy, in the following words:

"State of Alabama, Dallas county. Know all men by these presents, that we, E. J. Barnett, M. A. Barnett, and J. W. Barnett, for and in consideration of the sum of one hundred dollars, to us in hand paid by Thomas J. Harrison, the receipt whereof is hereby acknowledged, have this day bargained, sold, enfeoffed, conveyed, and do by these presents bargain, sell, enfeoff, and convey, unto the said Thomas J. Harrison, the following described tracts or parcels of land," &c.; "to have and to hold unto him, the said Thomas J. Harrison, his heirs, executors, administrators, and assigns, forever, in fee simple. And we hereby covenant with the said Thomas J. Harrison, that we are seized in fee of the aforegranted premises, and have the right to sell and convey the same; and we do hereby warrant the title to the aforegranted. premises, and agree forever to defend the same from the lawful claims of all persons whatsoever. In testimony of all which, we hereunto set our seals, this 12th day of July, 1873.

"Attest:                         "A. L. BARNETT,    [seal]
    J. A. Blair,                  "E. J. BARNETT,    [seal]
        his                       "M. A. BARNETT,    [seal]
    Thomas ⋈ Morrison.            "J. W. BARNETT.    [seal]"
        mark.

Attached to this deed, or indorsed on it, were two certificates; one signed by "Moody H. May, notary public, Dallas county," but without his official seal; and the other by William L. Poole, a notary public in New Orleans, under his official seal. The former certificate was in these words: "The State of Alabama, Dallas county. I, Moody H. May, a notary public of said county, hereby certify, that J. A. Blair, a subscribing witness to the foregoing conveyance, known to me, appeared before me this day, and, being sworn, stated that the grantors in the conveyance voluntarily executed the same in his presence, and in the presence of the other subscribing witness, on the day the same bears date; that he attested the same in the presence of the grantor, and

[Harrison v. Simons.]

of the other witness, and that the other witness subscribed his name as a witness in his presence. Given under my hand, this 13th day of July, 1873." The other certificate, omitting the immaterial parts, was as follows: "Before me," &c., "personally came Albert L. Barnett, formerly of Alabama, and now residing in this city, who, having signed a certain deed, hereto annexed, from his mother, sister, and younger·brother, at Selma, Alabama, on the 12th July instant, to Thomas J. Harrison, said Albert signing this day in my presence, then acknowledged the same to be his proper act and deed, and for the purposes therein set forth. In testimony whereof," &c. There was indorsed on the deed, also, a memorandum, or certificate, signed by the probate judge of said county, to the effect that the deed was received for record and recorded on the 17th July, 1873.

"The defendant objected to the introduction of said deed as evidence, and stated, as the ground of his objection, that the deed was not proved according to law, because one of the subscribing witnesses, to-wit, Thomas Morrison, signed it only by his mark, as set forth on the deed; and that the deed was not executed, or proved to have been signed by two witnesses, as required by sections 1, 1535, 1544, 1549, and 1550 of the Revised Code of Alabama; which objections the court sustained, and refused to allow the plaintiff to read said deed as evidence; to which the plaintiff excepted." In consequence of this ruling of the court, with other rulings which it is not necessary to notice, the plaintiff was compelled to take a nonsuit; which he now moves to set aside, assigning as error the rulings to which he reserved exceptions.

L. H. FAITH, with whom was W. BOYLES, for appellant.— The deed was sufficient to pass the title of the grantors, if attested by only one witness.—Rev. Code, § 1535. To make it admissible in evidence without further proof, it must be probated according to the requirements of sections 1548-9; and this was done, in the very language of the statute. The mere fact that a person cannot write his name, does not disqualify him from being a witness to a deed or to a will.— *Riley v. Riley*, 36 Ala. 496; *Strong v. Brewer*, 17 Ala. 709; *Harrison v. Elvin*, 3 Ad. & El. (N. S.) 117. It is not shown that Morrison was "unable to write;" and in the certificate of probate it is stated, that Blair, the other witness, swore that he "subscribed his name." The certificate is in proper form, and, if not conclusive, must be deemed correct, in the absence of all evidence to the contrary.—*Dolin v. Gardner*, 15 Ala. 758; *Hines v. Chancey*, 47 Ala. 637.

G. B. CLARK & F. B. CLARK, JR., *contra.*—Sections 1535,

1544, 1549-50 of the Revised Code, all relating to the same subject, must be construed together, as parts of one and the same statute. Thus construed, it is apparent that the attesting witness or witnesses to a deed must be able to write, and must write each his own name. But, even if this is not necessary, it is certain that there must be two attesting witnesses, when the deed is admitted to record on proof, in order to make it admissible evidence without further proof; and the signature of Morrison by mark only, not being attested by another witness whose name is written near it (Rev. Code, § 1), cannot be held an attestation by him. These defects are apparent on the face of the deed, and are not cured by the certificate of probate.—1 Greenl. Ev. §§ 569, 569 a, Redfield's edition. The deed shows on its face that it ought not to have been admitted to record on proof by Blair, and it can derive no validity from the certificate of probate.

2. The notary's certificate is fatally defective, for the want of his official seal. A notary is required to keep an official seal, and all his official acts must be certified under his seal. Rev. Code, §§ 1084, 1090. An express exception is made by the statute as to affidavits, which he may take without his seal; but, as to all his other official acts, his notarial seal is necessary to give them validity, or to bring them to the judicial knowledge of the courts. The courts take judicial knowledge of the names of judicial officers, and of justices of the peace, sheriffs, and other executive and administrative officers of the county.—4 Scam. 351; 18 Wisc. 199. Their election is notorious, and their offices are held by virtue of their election, not by virtue of their commission; and they are not required to keep an official seal. But a notary is simply a commercial officer, and holds his office by virtue of the governor's commission only; and his official acts can be known only by his official seal, of which all courts take judicial notice. *Dunn v. Adams*, 1 Ala. 527; 9 Porter, 428; 1 Greenl. Ev. § 5; 4 Blackf. 185; 3 Wash. C. C. 276; 2 Phil. Ev. (4th Amer. ed.) 260. The fact that certain judicial powers are conferred on him by statute, does not change the character of his office, nor the mode of authenticating his official acts, unless the statute so provides. But for the statute, he could not take an affidavit without affixing his official seal. This statute, then, by implication, shows the necessity for his seal to give validity to any of his official acts. Again, if the certificate of probate is to be regarded as made by him in the character of a justice of the peace, can the courts of another circuit, not embracing his county, take judicial notice of his official character?—See 32 Cal. 106; 2 Central Law Journal, 407, §§ 4, 6.

[Harrison v. Simons.]

MANNING, J.—The persons named in the deed as grantors, by signing and sealing it, declare and make known, to all whom it may concern, that they respectively grant, bargain, enfeoff, and convey the land therein described, to Thomas J. Harrison; and that they covenant with him that they are seized in fee, and have a right to sell and convey the land, and that they will warrant and defend the title. But what is declared, or certified, by the signature and seal of A. L. Barnett? Can they import anything else than is contained in the deed—to-wit, that the persons described in it as grantors convey and covenant as above? It is not set forth in the deed that A. L. Barnett himself does, or shall do, any of these things; and we cannot attribute any efficacy, or meaning, to his mere signature and seal, apart or different from what is expressed in the instrument to which they are affixed.

This is, in substance, what was decided by the Supreme Court of the United States in *Agricultural Bank v. Rice et al.* 4 How. 225. Property belonging to married women had been bargained to purchasers, by an executory contract, signed and sealed by the husbands and wives, jointly, and describing them all as parties to it; but the deed subsequently executed set forth that the husbands, in right of their wives, conveyed the property, in consideration of $40,-000, to the grantees. This deed was signed and sealed by the husbands and wives jointly; and they all acknowledged, the married women separate and apart from their husbands, that they signed, sealed, and delivered it, as their act and deed. TANEY, C. J., delivering the opinion of the court, said: "It is altogether the act of the husbands, and they alone convey. Now, in order to convey by grant, the party possessing the right must be the grantor, and use apt and proper words to convey to the grantee; and merely signing, sealing, and acknowledging an instrument, in which another person is grantor, is not sufficient." The deed, in the cause pending before us, can, therefore, operate only to convey the title that was in the persons who are the grantors in the deed, and not the title of A. L. Barnett.

2. To the deed is attached a certificate, purporting to be that of a notary public, setting forth that the execution of · it by the grantors was proved by the subscribing witness, Blair, who also deposed, in the words of the form in section 1549 of the Revised Code, "that he attested the same in the presence of the grantors, and of the other witness, and that the other witness subscribed his name as a witness in his presence;" but the notarial seal is not to this certificate. The deed was recorded, within twelve months after

the execution of it, as appears by a certificate of the proper judge of probate. The deed, with these certificates, being offered in evidence by plaintiff, was objected to, and excluded, upon the specific grounds, " that one of the subscribing witnesses, to-wit, Thomas Morrison, signed it only by his mark, as set forth on the deed, and that the deed was not executed, or proven to have been signed, by two witnesses, as required by sections 1, 1535, 1544, 1549, and 1550, of the Revised Code."

The case presents the very important question, for the first time raised in this court, whether or not the sections of the Revised Code referred to, relating to the proof by subscribing witnesses of a deed or conveyance of real estate, do not require that they shall be able to write, and shall write their names thereto. Section 1, defining words used in the Code, enacts : " ' Signature,' or ' subscription,' includes mark, when the person cannot write ; his name being written near it, and witnessed by a person *who writes his own name* as a witness." Section 1535 enacts : " Conveyances for the alienation of lands must be　*　*　*　signed at their foot by the contracting party, or his agent having a written authority ; or, if he is not able to sign his name, then his name must be written for him, with the words, ' his mark' written against the same, or over it ; the execution of such conveyance must be attested by *one*, or, where the party cannot write, by *two* witnesses, *who are able to write*, and who *must write their names*."

A casual reading might induce the supposition, that it is only when the contracting party who signs is unable to write, that the subscribing witness must be one who can write, and does write his own name. But we are not justified in so construing these sections. The qualification prescribed at the end of section 1535 is as much required of the one witness, who must attest the signature to a conveyance *inter vivos*, of a grantor who writes his own name, as of the two witnesses who attest the execution by a grantor who cannot do so ; and it seems plainly to result, that, whether the law requires such an instrument to be attested by one or more subscribing witnesses, only those are competent to attest it who are able to write their names. And the two witnesses that are necessary to entitle a recorded conveyance to be read in court as evidence, without further proof, according to section 1550, which is a part of the same chapter concerning " Conveyances," to which section 1535 belongs, must be such as are qualified according to this section. The single attestation of Blair is sufficient to give validity to the deed in question, as that of the real grantors, but not to entitle

it to be read in evidence, without other proof of its execution.

Whether, however, the deed in this case was properly ruled out, or not, remains yet to be determined. Section 1544 provides, that conveyances, "acknowledged or proven according to law, and recorded within twelve months from their date, may be received in evidence, in any court, without further proof." Section 1549 prescribes the form of proof for a deed attested by two witnesses ; and the certificate to this deed is in that form, and shows that the proving witness, Blair, "attested the same in the presence of the grantors, and of the other witness ; and that the other witness subscribed his name as a witness in his (Blair's) presence." The certificate being, therefore, in compliance with the statute, and by a competent officer, must be held, in the absence of any contrary evidence, to prove—what might not have been inferred from, but is not irreconcilable with the form of Morrison's attesting signature—that he wrote it himself. If Blair deposed only that Morrison made his mark to the deed, the notary ought not to have certified that Blair deposed that Morrison "*subscribed* his name" to it. We cannot presume that the notary violated his duty in this particular.

3. The objection to the certificate of May, a notary of this State, because his notarial seal is not attached, is not well taken. His act is one of those which a justice of the peace (and a notary, according to the constitution of 1867–8, was *ex officio* a justice of the peace), and other officers, might do without a seal ; and one of those which, according to clause 1, of section 1083, and to section 1090 of the Revised Code, it is intended that a notary may perform without authentication by his seal of office.—See, also, Act No. 23, of January 18th, 1866 ; and *Powers v. Bryant,* 7 Porter, 10, 17. The exclusion of the deed from the jury as evidence was, therefore, an error.

Presuming the other points made in this cause will not be presented again, we do not consider it necessary to discuss them now.

The judgment of nonsuit in the court below is here set aside, and the cause remanded.