# Johnson v. Goff.

*Statutory Action of Ejectment.*

1. *Alienation of wife's land; how husband's assent should be manifested; when deed void.*—The assent and concurrence of the husband, which is required by statute (Code of 1886, § 2348) to give validity and effect to a deed conveying the wife's lands, can be manifested only by his joining in the alienation in such a way as would be necessary to the conveyance of his interest in the land if it had belonged to him in severalty or jointly or in common with others; and a deed purporting, in the granting clause and body thereof to be the deed of the wife, her name alone appearing therein, but which was signed and acknowledged by her and her husband, the latter's name nowhere appearing in the body of the instrument and nothing appearing therein to indicate an intention on his part to become the grantor, is nothing more than the void deed of the wife, and inoperative and ineffective to divest her title in the land.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory action of ejectment, brought by the appellant, Malcolm Johnson, against the appellee, Stephen J. Goff. The defendant suggested that Hattie Maughon was the owner of the premises sued for, and moved that she be made a party to the suit. This motion was granted.

The plaintiff claimed title to the land in controversy as a purchaser at a foreclosure sale of a deed of trust, which was executed by Hattie Maughon to J. W. Goldsmith, as trustee, to secure a loan made by the Atlanta National Building & Loan Association to her. The facts pertaining to the execution of this deed of trust are sufficiently stated in the opinion. When said deed of trust was offered in evidence, the defendant objected to its introduction, upon the ground that the said deed of trust was void on its face and conveyed no title to the premises sued for to the trustee therein named, because.

[Johnson v. Goff.]

the name of J. W. V. Maughon, husband of Hattie F. Maughon, did not appear in the body of said deed of trust as grantor. The court sustained the said objection, and refused to allow the deed to be introduced in evidence, and the plaintiff excepted. The court also, and for the same reasons, on the objection and motion of defendant, excluded the said deed from Goldsmith, trustee, to plaintiff, and plaintiff excepted. In consequence of the adverse rulings of the court in excluding the said deed of trust and the deed from Goldsmith to the plaintiff, the plaintiff took a non-suit with a bill of exceptions.

The plaintiff appeals, and assigns as error the rulings of the trial court upon the evidence in excluding the deeds offered in evidence.

J. E. ACKER, for appellant.

SOLLIE & KIRKLAND, contra, cited Davidson v. Cox, 112 Ala. 512; Blythe v. Dargin, 68 Ala. 370.

BRICKELL, C. J.—Appellant claimed title to the land in controversy as a purchaser at a foreclosure sale had under the power contained in a deed of trust executed in the year 1891, by Hattie F. Maughon to J. W. Goldsmith, trustee, to secure a loan made to her by the Atlanta National Building & Loan Association. This instrument purported in the granting clause and body thereof to be the deed of Hattie F. Maughon only, her name alone appearing therein, but was signed and acknowledged by herself and J. W. V. Maughon, her husband. The latter's name nowhere appears in the body of the instrument, nor does anything appear therein to indicate any intention on his part to become a grantor. Assuming a fact most favorable to appellant, that the land described in the deed was the property of the wife, the only question involved in the case is, whether, under the statute regulating the manner in which a married woman may alienate her real estate, this deed was efficacious to divest the title of Hattie F. Maughon. Section 2348, Code of 1886, reads: "The wife * * * cannot alienate her lands, or any interest therein, without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his

joining in the alienation in the mode prescribed by law for the execution of conveyances of land." In construing this statute in *Davidson v. Cox*, 112 Ala. 512, we held that the assent and concurrence of the husband could be manifested only by his joining in the alienation in such a way as would be necessary to a conveyance of his interest in the land if it belonged to him in severalty, or jointly, or in common with others. It is well settled by the decision of this court that when a deed of conveyance is subscribed by more names than one, and some of the subscribers' names are not shown in the body or granting clause, while others are there shown, such instrument is not the deed, and does not convey the interest, of those whose names are omitted from the granting clause and shown only in the signatures, when there is nothing in the deed to indicate an intention on their part to become grantors.—*Sheldon v. Carter*, 90 Ala. 381; *Hammond v. Thompson*, 56 Ala. 589; *Blythe v. Dargin*, 68 Ala. 370; *Harrison v. Simons*, 55 Ala. 510. It is manifest, therefore, that the husband did not join in the conveyance in controversy in such a manner as would have been been necessary to convey his interest in the land if it had been his property, and it results that the assent and concurrence of the husband were not expressed in the only mode in which the law authorized its expression.—*Blythe v. Dargin, supra.* The instrument was nothing more than the void deed of the wife, inoperative to divest her title in the land, and was properly excluded from the jury.

The judgment of the court below is affirmed.