# High *et al.* v. Whitfield.

### *Bill in Equity for an Injunction.*

1. *Alienation of property by married woman; husband's assent not necessary when he and wife non-residents.*—The provisions of the statute authorizing a married woman to alienate her lands or any interest therein without the assent and concurrence of her husband manifested by his joining in the alienation, if the husband is a non-resident of the State, (Code, § 2528), applies as well when the wife and husband are both non-residents, as where the husband alone is a non-resident; and, therefore, when the wife and husband are both non-residents of the State, an alienation of her lands or any interest therein, without the assent or concurrence of the husband, is a valid conveyance.

2. *Equity jurisdiction; when trespasses will not be enjoined.*—A bill in equity which complains that the defendant is trespassing upon the complainant's lands by hauling coal over them, and prays that the defendant be enjoined from so doing, can not be maintained upon the ground of trespass alone; the law furnishing the complainant an adequate remedy for the grievance complained of.

APPEAL from the Chancery Court of Walker.
Heard before the Hon. J. C. CARMICHAEL.

The bill in this case was filed by the appellee, B. W. Whitfield, Jr., against the appellant, H. E. High and S.

J. High, partners, doing business under the name of
Tupelo Coal Company, and the Stobert & Donaldson
Coal Mining Co.

The facts of the case, as averred in the bill, are, that
on the 18th day of January, 1889, and since, Sophronia
A. Morphew was a married woman, the wife of Silas
Morphew; that they both were then non-residents of the
State of Alabama, and have continuously since been
non-residents and lived together in the State of Arkan-
sas; that on that date, for value, David Davis and wife,
of Walker county, Alabama, conveyed to said Sophronia
the land described in section two of the bill; that their
conveyance was duly acknowledged, on the day of its
execution, and recorded on the 26th April, 1899, in the
probate office of Walker county, Alabama; that at the
date of said conveyance and continuously since, the
husband of said Sophronia was and has been of sound
mind, has not abandoned his said wife, nor been under
conviction of crime for two years or more; that on the
13th of November, 1894, the said Sophronia executed a
power of attorney to one G. J. Davis, authorizing and
empowering him to lease the mineral on her said lands,
which power of attorney purports to have been executed
and delivered in the presence of John P. Morphew, a
justice of the peace in and for Pike county, Arkansas;
that the husband of said Sophronia did not join in the
said power of attorney, nor was his assent or concur-
rence thereto expressed in writing, obtained to the exe-
cution of said power; that at that time, said Sophronia
and her husband were living together in the State of
Arkansas, and were non-residents of Alabama; that on
the 3d of February, 1896, under and by virtue of said
power of attorney, the said Davis executed to L. A.
Tune and T. J. Scott, who are and were non-residents
of the State of Alabama, a lease on the coal of said
lands, and the assent and concurrence of the said hus-
band of Sophronia, expressed in writing was not ob-
tained to the execution of said lease. This lease con-
tract and the power of attorney to said G. J. Davis
under which it was executed, were each duly recorded
in the probate office of Walker county on the 3d day of
February, 1896.

It is further shown that on the 20th day of May, 1899, the said Sophronia and her said husband, by deed duly executed, sold and conveyed to the complainant, the said lands above referred to, and that under said conveyance, complainant took possession of said lands, and has had possession of them ever since; that on the 14th May, 1896, the said Tune and Scott sold, and by their deed, conveyed to the defendants, H. E. and S. J. High, all their interest in said lands, and that they and the defendant company, the Stobert & Donaldson Coal Mining Company, are removing the coal from said lands, thereby committing trespass thereupon, without any authority or permission of complainant and against his protest, and are hauling the same over other land belonging to complainant, without his permission and against his protest.

It is further alleged that said H. E. and S. J. High are non-residents of Alabama, and that the other respondent, the said Stobert & Donaldson Coal Mining Company, did not have sufficient property out of which complainant could recover the amount due him for the taking of the coal from said lands; that the lands are chiefly valuable for the coal therein, and if respondents are permitted to mine the coal therefrom it would practically be of no value to complainant.

The prayer of the bill was that a temporary injunction be issued, restraining and enjoining the defendants from mining the coal in the lands described in section two of the bill, and from hauling the same over the other lands of complainant; that such injunction, on final hearing, be made perpetual; that said lease executed by said G. J. Davis under said power, to said L. A. Tune and S. J. Scott, be cancelled as a cloud on complainant's title to the lands described in said section two of the bill.

The defendant moved to dismiss the bill for the want of equity, and to dissolve the temporary injunction. They also demurred to the bill, assigning many grounds therefor, among which was that it was shown by the averments of the bill that Sophronia A. Morphew was lawfully authorized to execute the power of attorney to G. J. Davis, without the written assent or concurrence

of her husband, because she and her husband were, at the time of the execution of said power of attorney, nonresidents of the State of Alabama.

On the submission of the cause upon the several motions and the demurrer, the court overruled each of said motions and also overruled the demurrer. From this decree the defendants appeal, and assign the rendition thereof as error.

ALLEN & ROBINS and WM. C. DAVIS, for appellant, A statute which excepts the husband who is a non-resident from joining in alienation of the wife's lands, is without any limitation, and the fact that the wife, as well as the husband is a non-resident, does not render it necessary for the husband to join in the conveyance. Code, § 2528; *Knox v. Land Co.*, 86 Ala. 180; *Flowers v. Steiner*, 108 Ala. 440.

COLEMAN & BANKHEAD, *contra.*—The failure of the husband of Sophronia A. Morphew to join in the lease to Tune and Scott, rendered that lease absolutely void. *Adams v. Teague*, 123 Ala. 591; *Johnson v. Goff*, 116 Ala. 648; *Davidson v. Cox*, 112 Ala. 510.

HARALSON, J.—The controlling question in the case is, whether the lease of the lands mentioned in the bill, by G. J. Davis, in the name of Mrs. Morphew, under the power from her to him, executed without the consent and concurrence of her husband expressed in writing, was a valid conveyance by lease of said lands or not.

At the time of the execution of said lease, section 2346 of the Code of 1886 was of force, which provided, that "the wife has full legal capacity to contract in writing as if she were sole, with the assent and concurrence of her husband expressed in writing," but by section 2348 of that Code, it was provided,—as now by section 2528 of the Code of 1896,—that "the wife, if the husband be of sound mind, and has not abandoned her, or be not a non-resident of the State, or be not imprisoned under a conviction for crime for a period exceeding two years,

cannot alienate her lands, or any interest therein, without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed for the execution of conveyances of land." This was an absolute inhibition on the wife's power to alienate her lands, or any interest in them, if one of the alternate conditions as to the husband, as specified, did not exist; but, if either of these specific conditions did exist, the wife was empowered to alienate her lands, as if she were sole. None of these conditions have any application to this case, except the one as to the non-residence of the husband.

The bill shows, that the wife, Mrs. Morphew, owned the lands in question; that she and her husband lived together as husband and wife, in the State of Arkansas, at the time she executed said power of attorney, and the lease under it, and that her husband did not join in the execution of said power, nor in the lease executed by the attorney in fact to said Tune and Scott, under whom defendants claim.

It is insisted for complainant that the exception of the non-residence of the husband, applies only to cases where the wife is a resident and the husband is a non-resident of the State. On the other hand, the construction is urged and relied on, that if both the husband and wife are non-residents of this State, as in the present case, the wife may alienate her lands, as if she were sole.

It is a settled general rule, that a woman acquires, at marriage, the domicile of her husband, and her domicile continues to be the same as his, and changes with his, throughout the marriage. An exception to this rule prevails, as is held, to the extent, that the wife must be allowed, for the purpose of obtaining a divorce, to acquire a separate domicile in the State in which she is actually living at the time she is deserted by her husband.—*Hanberry v. Hanberry*, 29 Ala. 719; 5 Am. & Eng. Encyc. Law (1st ed.), 868.

[High *et al.* v. Whitfield.]

Construing said section 2348 of the Code of 1886 (section 2528 of Code of 1896) by its language, it appears to make no exception as to the residence of the wife. It deals only with the non-residence of the husband. Without importing, by construction, into the statute other words than those it contains, which we do not feel authorized to do, it seems to us, that it must be construed by its very terms, by which the wife, without reference to her residence in this or in another State, may alienate her lands if her husband is a non-resident of Alabama. This construction meets, precisely, the condition of the wife and her husband, at the date of the execution of said power by the wife to said G. J. Davis, and of the execution by him of said lease contract in her name, to said Tune and Scott, under whom defendants claim. Under these instruments, the grantees in said lease acquired a good title to what was conveyed thereunder. They were of record in the probate office of Walker county, long before the complainant acquired his deed to said lands from Mrs. Morphew and her husband, and he had constructive notice of the same.

The said lease contract conveyed to the grantees therein, not only all the coal under the lands described, but, also, during the term of the lease,—18 years from its date,—the right of way on the surface of said lands for the purpose of building or making railroads or wagon roads, and to all the timber and water necessary to successfully mine and remove said coal. The complaint is made, that defendants are hauling their coal when mined, over lands of complainant adjoining the lands covered by said lease, and prays that defendants be enjoined from so doing. If this is true, the complainant would have no right, on this ground, alone, to maintain the bill to prevent such a trespass. The law furnishes him an adequate remedy for such a grievance.

It follows, the injunction was improperly perpetuated. The decree below will be reversed, and one will be here rendered dissolving the injunction and dismissing the bill.

Reversed and rendered,