# Dinkins v. Latham.

## Ejectment.

(Decided July 16, 1907.    45 So. Rep. 60.)
(Rehearing granted Dec. 19, 1907.)

1. *Husband and Wife; Conveyance; Execution; Sufficiency.*—Although the court is governed by section 2528, Code 1898, in construing a conveyance by a married woman, the established principle governing the construction of conveyances will be applied to such a conveyance and will control.

2. *Deeds; Construction.*—The intent and purpose of a deed, if consistent with the law and with a fair interpretation of the instrument, must be carried out.

3. *Same.*—When a liberal construction will uphold written instruments, and when otherwise the plain intention of the parties will be defeated, such a construction will be given their language.

4. *Same; Parties.*—Notwithstanding the name of another person is contained in the testimonium clause of a deed, the deed is that of the named grantors only, where the granting clause expressly enumerates the grantors, and it is signed by them and another.

5. *Husband and Wife; Conveyances; Construction; Execution.*—A note was signed by a married woman alone, with an endorsement in writing signed by the husband expressing his consent thereto. The mortgage to secure the note recited, "I hereby grant, bargain, sell, etc.," and "to pay the balance, if any, to the said (naming the wife). Given under our hands and seals." The property conveyed was the property of the wife and the mortgage was signed by her and her husband. Held, that the mortgage was sufficiently executed in accordance with the provisions of section 2528, Code 1896.

APPEAL from Lowndes Circuit Court.

Heard before Hon. J. C. RICHARDSON.

[Dinkins v. Latham.]

Ejectment by S. M. Dinkins, for the use, etc., against H. S. Latham. From a judgment for defendant, plaintiff appeals. Affirmed.

GOODWYN & MCENTYRE, and EVANS HINSON, for appellant. The mortgage was void and the defendant obtained no rights thereunder. The husband's name did not appear in the granting clause or elsewhere in the mortgage except at the end thereof.—*Johnson v. Goff*, 116 Ala. 648; *Davidson v. Cox*, 112 Ala. 510; *Rushton v. Davis*, 127 Ala. 279; *Sheldon v. Carter*, 90 Ala. 380; Sec. 2528, Code 1896.

J. M. CHILTON, and GUNTER & GUNTER, for appellee. The plural is used in the attesting clause and the deed is the deed of those who signed.—*Madden v. Floyd*, 69 Ala.; *Sheldon v. Carter*, 90 Ala. 380; *Johnson v. Goff*, 119 Ala. 648. The husband whose life estate is in issue is estopped by the agreement to which he and the Lathams were parties.—11 A. & E. Ency. of Law, 440; Hermann on Estoppel, sec. 619; 748-9 and 750; *Scott v. Wyse*, 7 Conn. 220; *Cane v. Ingalls*, 18 N. H. 613; *Holmes v. Ferguson*, 1 Ore. 220; *Dean v. Walsh*, 17 Ala. 770; *Allen v. Callahan*, 69 Ala. 442; *Kelly v. Hendricks*, 57 Ala. 193; *Payne v. Crawford*, 97 Ala. 604; s. c. 102 Ala. 387; 3 *Foot v. Hillman*, 130 Ala. 255; *McMillan v. Craft*, 135 Ala. 153. A plaintiff in ejectment must have both title and right of possession.—*Bernstein v. Humes*, 71 Ala. 260.

HARALSON, J.—Section 2528 of the Code of 1896 forbids the wife to alienate or mortgage her lands, or any interest in them, without the assent and concurrence of her husband, his assent and concurrence to be manifested by his joining in the alienation in the mode

prescribed by law for the execution of conveyances of land.—*High v. Whitfield,* 130 Ala. 444, 30 South. 449.

It appears without dispute, that on the 5th of January, 1895, Mrs. Sallie B. Dinkins, a married woman, and the wife of S. M. Dinkins, owned and was in the possession of the land sued for. Upon that date, Mrs. Dinkins borrowed from Mrs. C. W. Rudolph, $2,000, and gave to Mrs. Rudolph her own note evidencing the debt, in which note her said husband did not join, but upon which he indorsed the words, "I hereby consent that my wife may sign this note." To secure the payment of this loan, and on the day of the loan, Mrs. Dinkins executed a mortgage, which recites, "To secure the payment of my note to Mrs. C. W. Rudolph, of even date herewith, for the sum of $2,000, payable January 1, 1895, I hereby grant, bargain, sell and convey to the said C. W. Rudolph the following described real estate" (describing it). The mortgage concludes, "Given under our hands and seals, this the 5th day of January, 1895," and was signed "Sallie B. Dinkins, Seal), S. M. Dinkins, (Seal)," attested by C. D. Whitman, J. P., and was separately acknowledged on the same day, before said justice of the peace, and recorded in the probate office of the county on the 21st of February, 1899. This mortgage contained a power of sale for its foreclosure, if default were made in the payment of said note, and proceeds of sale to be applied to the cost of foreclosure sale, then to the payment of said note and interest, and the balance, if any, to be paid to the said Sallie B. Dinkins, and the mortgagee was authorized to purchase at the sale. Default having been made, said mortgage was foreclosed (Mrs. Dinkins having died on the 17th of September, 1896, before the foreclosure sale).

It is not denied that this mortgage is the basis of the claim of defendant to the land in question, and that if

said mortgage of Mrs. Dinkins is void, because not exe-
cuted in the manner prescribed by statute, the defendant
has no title to the land.

It appears that the name of the husband, S. M. Din-
kins, nowhere appears in the mortgage as one of the
grantors therein.  We refer to several of our decisions
which, as appear to us, are decisive of the question in-
volved—that the husband was not a party to said mort-
gage, and that, as a conveyance of the legal title, by the
wife, was, on that account, inoperative and void.

In *Harrison v. Simons,* 55 Ala. 510, many times cited
and approved in this court, it was held that where sev-
eral persons are named in a deed as grantors, and their
signatures and seals are affixed to it, another person
who is not named in it, although his signature and seal
are affixed, is not one of the grantors, and the deed does
not pass his interest in the land.  In that deed, the at-
testing clause was, "In testimony of all which, we here-
unto set our seals"—giving date.

In *Rushton v. Davis,* 127 Ala. 280, 28 South. 476, it
was held—copying the second head note—that "while a
deed from a married woman conveying her lands, in the
body of which the name of her husband does not appear
as grantor, but which was signed and acknowledged by
both the wife and her husband, is void and ineffective to
divest out of the wife the legal title to the land, because
the husband did not join therein as grantor as required
by statute."—Code 1896, § 2528.

In *Blythe v. Dargin,* 68 Ala. 370, construing a deed by
a married woman, in which the name of her husband did
not appear as grantor, but which was signed by him, and
which contained no words of conveyance passing or evi-
dencing an intention to pass his estate or interest in the
lands, it was held, that the deed was merely the void
deed of the wife, to which the husband was not a party,

and to which his concurrence was not expressed in the mode prescribed by the statute.

In *Sheldon v. Carter*, 90 Ala. 381, 8 South. 64, it was said: "We have several decisions which hold that, when a deed of conveyance is subscribed by more names than one, and some of the subscribers' names are not shown in the body, or granting clause, such instrument is not the deed of those whose names are omitted from the granting clause, and shown only in the signatures."

Again, it was held in *Davidson v. Cox*, 112 Ala. 510, 20 South. 500, that the mere signature of the husband, to his wife's deed, purporting to convey her land, the wife's name only appearing in the body of the instrument, is not an efficacious manifestation of the husband's assent and concurrence in the conveyance, as required by statute, and such instrument is but the void deed of the wife, and ineffective to pass title. To the same effect is *Johnson v. Goff*, 116 Ala. 648, 22 South. 995.

In the mortgage in question, it plainly enough appears that it was the conveyance of the wife alone. It was given to secure her individual note, to which the husband was not a party, but to the execution of which by his wife, he gave his assent by indorsing it thereon. The mortgage recites, that it was given to secure my note, and for that purpose I hereby grant, etc.

It is contended that because in the attesting clause it is recited: "Given under our hands and seals," etc., that this made it the deed of the husband as well as that of the wife. But to this we cannot assent. "Our" in this mortgage, was not more efficacious to make it the deed of the husband, than the word "we," employed in a similar connection in *Harrison v. Simons, supra.* The word cannot by any fair rule of interpretation be made to mean that it was the husband's deed.

It follows, that the court erred in overruling the plaintiff's objections to the introduction of the instruments admitted in evidence to show title in defendant.

It is contended, however, that Dinkins induced the defendant, Latham, to buy the land, and that this raised an equitable estoppel against him, to assert a legal title against defendant. From the agreed statement of facts, it appears that C. W. Rudolph foreclosed the mortgage of the 5th of January, 1895, given by Sallie B. Dinkins to her, and became the purchaser at the foreclosure sale. The fourth section of the agreement is, "That on the 26th of January, 1891, said C. W. Rudolph executed a deed of said property to the defendant, Latham, and to his brother, S. A. Latham, the said S. A. Latham having since conveyed to the defendant; that contemporaneously with, and as a part of the transaction by which said Latham purchased said property, said S. M. Dinkins, the husband of said Sallie B. Dinkins (who had died, September 17, 1890, prior to said foreclosure), entered into an agreement with said Latham, a copy of which is hereto attached as exhibit D; that Latham, on the faith of said deed and agreement, paid said C. W. Rudolph, the amount named as the consideration of said deed, and S. M. Dinkins, who was then in possession of said property as tenant of Mrs. Rudolph, retained the possession thereof under said agreement with said Latham, until the 29th day of December, 1901; that said S. M. Dinkins, having failed to pay the first installment agreed by him to be paid, surrendered the possession of said property to said Latham, at the end of the year 1901, and that said Latham and the defendant as purchaser from his brother, S. A. Latham have remained in possession ever since, claiming said property as their and his own."

Exhibit D, referred to in said agreement, as quoted above, is an agreement on the part of the Lathams to convey the property to S. M. Dinkins, upon the payment by him, in stated installments, of a sum of money equal to the amount paid by the Lathams to C. W. Rudolph, viz: $2,969.88. S. M. Dinkins never conveyed, nor attempted to convey, by deed the property to the Lathams or to either of them. If he had a life estate in the property at the beginning of these negotiations, he continued to have it at their end. The agreement contained in "Exhibit D," is a promise on the part of the Lathams, that they will convey their title to Dinkins upon the performance by him of the conditions set out in said agreement, viz.: the payment of said sum of $2,969.88. It was in effect a bond for title. Said Dinkins never complied with the conditions stipulated in said agreement, which agreement also provides, in case of default in the payment of said amount agreed to be paid by said Dinkins, that "any amounts that may have been paid by the said S. M. Dinkins shall be considered and held as rent, and that the right of S. M. Dinkins to purchase under this contract shall cease, and the possession of said land shall revert to said parties of the first part—the said Lathams.

The question arises, has S. M. Dinkins estopped himself from asserting his legal title, which he has never conveyed, to this property in a court of law, in an action of ejectment?

We need not decide what would be the result, if this suit related to personal property, or if it were one in equity between these parties in respect to the title to the land. But, in a suit in ejectment when the legal title to the land is involved, the defense of equitable estoppel cannot prevail. In *Doe ex dem. McPherson v. Walters*, 16 Ala. 714, 50 Am. Dec. 200—quoting from the head-

[Dinkins v. Latham.]

note, which is in accordance with the decision—it is
held: "If one, seized in a fee in land, induces another to
purchase it at execution sale, as the property of a third
person, he is not estopped in a court of law from assert-
ing his title against the purchaser. In such case, a court
of equity alone is competent to afford relief." In the
course of the opinion, this language is used: "The bet-
ter course, in my opinion, is to pursue the well-settled
rule of law, and to permit the legal title to prevail at
law, regardless of the equity the opposite party may
have, and leave him to enforce his equitable rights in a
court of chancery, which has power not only to arrest or
enjoin the suit at law, but also to decree a conveyance
of the legal title to him, who in equity is entitled to it."

In *Morgan v. Casey*, 73 Ala. 226, which was an action
in ejectment, it was said: "In such actions the equita-
ble title cannot be interposed, in a court of law, to de-
feat the legal title. Hence, it would be no defense to
this action that the purchase money for the lands was
all paid, and distributed among the heirs or devisees by
the executors who made the sale under the authority of
the probate court. Such payment would not operate at
law, as an estoppel either against those receiving the
purchase money, or against the administrator de bonis
non." Citing *Allen v. Kellam*, 69 Ala. 442; *Collins v.
Johnson*, 57 Ala. 304; *Robertson v. Bradford*, 70 Ala.
385; *Whitehead v. Jones*, 56 Ala. 152; *Harrison v. Par-
mer*, 76 Ala. 157; *Woods v. Montevallo Coal, etc., Co.*,
84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393.

Again, if this were not sufficient, it was said in *Hoop-
er v. Columbus & W. Ry. Co.*, 78 Ala. 216: "It has been
uniformly held by this court, that 'a court of law will
not look to, or consider the equity of a party, in oppo-
sition to the legal title of the other,' and that a court of
equity was the only proper forum in which the purcha-

7 R

ser of an equitable title could protect himself by invoking the doctrine of equitable estoppel." Citing *McPherson v. Walters*, 16 Ala. 714, 50 Am. Dec. 200; *Smith v. Mundy*, 18 Ala. 182, 52 Am. Dec. 221; *Kelly v. Hendricks*, 57 Ala. 193; *Lehman v. Bryan*, 67 Ala. 558; *Tutwiler v. Munford*, 73 Ala. 308.

It follows from these authorities, that the defense of equitable estoppel, attempted to be invoked, must fail.

Reversed and remanded.

DOWDELL, DENSON and McCLELLAN, JJ., concur.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., entertain the opinion that the mortgage was valid and that the judgment should be affirmed. TYSON, C. J., and SIMPSON, J., express no opinion upon the question of estoppel.

### ON REHEARING.

TYSON, C. J.—Sallie B. Dinkins and her husband, S. M. Dinkins, intending to secure a sum of money borrowed by the wife from one Mrs. Rudolph, made a mortgage purporting to convey certain lands of the wife to the mortgagee. Default having been made in payment of the debt, the mortgagee foreclosed the mortgage under the power contained in it and became the purchaser at the sale. Her title afterward became vested in the defendant, appellee here. Mrs. Dinkins having died, the husband has brought this action to recover the lands, upon the theory that the mortgage was void because of his failure to join in it, as a conveyance, as required by statute.—Section 2528, Code 1896.

We will first state the principles which it is our duty to follow. Of course we must obey the statute giving efficacy to a married woman's conveyance only when it

has "the assent and concurrence of the husband * * *
manifested by his joining in the alienation in the mode
prescribed by law for the execution of conveyances of
land." Observing carefully this retention of the com-
mon-law disability of the wife, the ordinary principles
governing courts in the construction of deeds should be
applied and must control. The first and controlling one
is that the intention of the parties must be carried out
if consistent with the law and with a fair interpretation
of the instrument. This rule is familiarly expressed in
the maxim that writings are to be upheld when possible,
"ut res magis valeat quam pereat." Under the influence
of this principle it is universally held that a liberal con-
struction should be placed upon the language of written
instruments when by so doing they may be upheld, and
when otherwise the plain intention of the parties will
be defeated.

The dominant idea of the husband and wife in this
case undoubtedly was to execute a valid and sufficient
mortgage to the mortgagee, to secure the repayment of
the money she had loaned Mrs. Dinkins. And the sole
question we have to determine is whether, under any
fair construction of the language of the mortgage, its ex-
ecution by the husband can be upheld as being in con-
formity with the requirements of the statute in respect
to his joinder in the alienation of the property.

This court has had a number of cases before it in
which it was held that where the granting clause of a
deed expressly enumerated the grantors, and it was
signed by such grantors and another person or persons
not so named, the deed was only that of the named gran-
tors, notwithstanding it contained a testimonium clause.

The principle upon which these decisions were based
is that, where the instrument in terms names the gran-
tors, it would violate "the natural interpretation of lan-

guage" to interpolate another name into the enumeration merely because such name is signed at the foot of the instrument. As said in the leading case of *Sheldon v. Carter*, 90 Ala. 380, 8 South. 63: "Where an instrument expresses in terms that it is the conveyance by A. and B., we would do great violence to its obvious intent, if we were to hold that C. also conveyed, merely because his name appears as one of the signers. Expressum facit cessare tacitum." An examination of our cases will show that we have never held, nor could we reasonably hold, that where the conveyance does not expressly name a grantor in the granting clause, we may not discover in the deed of a husband and wife, as in other like cases, who are the grantors, by an examination of the entire instrument, and by giving effect to all its parts uphold the instrument. It would alter a very general and important principle of the law to sanction such a view. In every case where this court has held the instrument purporting to be a deed to be void, the name of the wife alone appeared in the body of the instrument while that of the husband was shown only, at the foot, by his signature to it. Accordingly, in *Sheldon v. Carter, supra*, and in *Madden v. Floyd*, 69 Ala. 221, and other cases, this court did not hesitate to apply the rule of discovering by construction who were the grantors in a deed where they were not expressly named.

We think that the principle is clearly applicable in this case. The controlling language of the mortgage is: "To secure the payment of my note to Mrs. C. W. Rudolph of even date herewith  *  *  *  I hereby grant, bargain, sell and convey to said C. W. Rudolph," etc., etc. This is followed by a power of sale and a provision as to the application of the proceeds of sale, as follows: "And after applying the proceeds of said sale to pay the cost of same and to the full payment of the aforesaid

[Dinkins v. Latham.]

note and interest, to pay the balance, if any, to the said Sallie B. Dinkins. * * * Given under our hands and seals this the 5th day of January, 1895." This deed is duly signed and acknowledged by Sallie B. Dinkins and her husband, S. M. Dinkins. The proof established that Mrs. Dinkins alone signed the note which was secured by the mortgage, but that her husband indorsed in writing upon it his consent to her signing it. We hold that the language of the mortgage cannot be satisfied except by giving to the testimonium clause the meaning that a plural number of persons thereby expressed an intention by the contemplated act of signing and sealing the instrument, to make it their act and deed. The words of this clause cannot be explained or construed away, nor are we permitted to ignore them. This construction upholds the instrument and carries out the obvious and legitimate purpose of all the parties; and is not opposed to any of our cases but, to the contrary, conforms to the principles of all of them. It seems to be supposed that *Harrison v. Simons,* 55 Ala. 510, is in conflict with this conclusion, because in the testimonium clause of the deed in that case the pronoun "we" was used as "our" is used in the mortgage here under consideration. But "we" there was satisfied in meaning by applying it to the plural number of signers expressly enumerated in the instrument as grantors. On the same principle, "our" in this case can only refer to the two signers, Mr. and Mrs. Dinkins.

We have, then, in the mortgage itself, language indicating in unmistakable terms an intention of the only two signers to become grantors.—*Johnson v. Goff,* 116 Ala. 648, 22 South. 995. The intention or purpose of the parties will be carried out either by bringing down the pronoun "I" in the granting clause and applying it severally to the two signers; or by carrying back, under

[Dinkins v. Latham.]

the warrant of "our hands and seals," to the granting clause, the names of the two signers and making them grant by name. We do not doubt, but fully concede. that other parts of the deed make "I," in the granting clause, include Sallie B. Dinkins, but still the other and final clause imperatively includes S. M. Dinkins as a maker of the mortgage; and this cannot be done unless he is also a grantor. There was but a single act and deed purporting, or possible, to be evidenced by the formula gone through by the parties, and that was a "grant" of the land, and the last and most solemn clause of the instrument testifies that both the signers, by the act of signing in the presence of witnesses, make the instrument in its single operative form and purpose their act and deed. We hold, therefore, that the mortgage was well executed, and is not to be defeated by any mere inappropriateness of composition, if it exist grammatically (which we do not concede), in using the pronoun "I" instead of "we" in the granting clause, where other language employed in it induces the conclusion that it was the intention of both the signers to become makers of the mortgage.

The rehearing is granted, and the judgment appealed from is affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concur.

HARALSON, DOWDELL, and MCCLELLAN, JJ., dissent.