(75 South. 574)

ALABAMA CORN MILLS CO. v. MOBILE DOCKS CO. (1 Div. 953.)

(Supreme Court of Alabama. Jan. 18, 1917. Rehearing Denied May 24, 1917.)

1. DEEDS ⬤⟶38(4)—CONSTRUCTION.
The conveyance of "a certain strip of land, 100 feet wide," over a square named by number, was void as a conveyance of any particular part of the square, of a width of 100 feet or less, and did not transmit to the respective grantees any particular area 100 feet in width within the confines of such square.
[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 70.]

2. DEEDS ⬤⟶93 — CONSTRUCTION—INTENTION OF PARTIES.
It is the obligation and office of the court to ascertain and effectuate the intent of the parties in the execution of conveyances, unless the intent thereby manifested is opposed to some rule of law, and in the performance of this function the whole instrument is to be taken into consideration.
[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 231, 232.]

3. DEEDS ⬤⟶90 — CONSTRUCTION—CONSTRUCTION FAVORABLE TO VALIDITY AND TO GRANTEE.
Where a deed admits of two constructions, that favorable to its validity and that more favorable to the grantee will be accepted.
[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 234–237, 247, 248.]

4. EASEMENTS ⬤⟶12(3) — CREATION — DEED — CONSTRUCTION.
An easement or right of way over a definitely described tract of land may be effectively granted, and its particular location on the tract fixed, through the aid of a court of equity, even though the grant does not define the boundaries of the way intended to be so granted.
[Ed. Note.—For other cases, see Easements, Cent. Dig. § 41.]

5. EASEMENTS ⬤⟶12(3) — CREATION — DEED — CONSTRUCTION.
Where a conveyance manifests a major intent to grant an easement of access over a definitely described tract of land, and in an effort to effect its paramount purpose an obvious failure to efficiently define the particular location

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the easement is made, no such conflict in manifested intention, or in clauses of the instrument, is instituted as would justify a court in pronouncing the conveyance void for indefiniteness or uncertainty.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 41.]

6. EASEMENTS ☞12(2) — CREATION — DEED — CONSTRUCTION—"LANDS."

Where the intent to convey an easement is manifest, the employment of terms that would otherwise describe corporeal property will not suffice to defeat the purpose of the grant, or render the instrument void as a grant of an easement; and the term "lands" may, and often does, when consistent with the manifest intent of the parties, comprehend an easement as distinguished from the fee in the soil.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 36–38.

For other definitions, see Words and Phrases, First and Second Series, Land.]

7. EASEMENTS ☞12(2) — CREATION — DEED — CONSTRUCTION.

A conveyance of a certain strip of land 100 feet wide across a square of land described, with the expressed purpose of giving railroad track facilities into and from property first conveyed, did not convey any definite part of the square, but vested in the grantees an easement or right of way for railroad purposes 100 feet in width over the square named.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 36–38.]

Appeal from Chancery Court, Mobile County; Thomas H. Smith, Chancellor.

Suit between the Alabama Corn Mills Company and the Mobile Docks Company. From the decree the Alabama Corn Mills Company appeals. Affirmed.

Stevens, McCorvey & McLeod, of Mobile, for appellant. S. R. Prince and Carl Fox, both of Mobile, for appellee.

McCLELLAN, J. On March 16, 1898, Stewart and others conveyed to Duncan certain lands attingent to and lying east of One Mile creek, in Mobile. In this conveyance the following additional terms of description appear:

"Also that certain strip of land one hundred feet wide, commencing at a point on the north side of Marion street, one hundred feet west of the east line of square number three hundred and seventy-two of the Orange Grove tract; thence running in a southeastwardly direction, with even width of one hundred feet, through the northeast corner of square number three hundred and sixty-five of the Orange Grove tract; and thence eastwardly along the margin of One Mile creek until the north line of this strip reaches a point one hundred feet south of the north line of the property first above described if the same were extended across the creek; the object of conveying this last-described piece being to give track facilities in to and from the property herein first conveyed."

On May 1, 1898, Duncan conveyed this same property, employing the same terms of description, to the Mobile Docks Company, the appellee.

On January 9, 1907, Stewart and others conveyed to the Alabama Corn Mills Company (appellant) lands lying west of One Mile creek, including square numbered 365, to which particular reference was made in the above-quoted terms from the deed of Stewart and others to Duncan. The deed from Stewart and others to the appellant contained the usual full covenants, but the covenant against incumbrances reads as follows:

"That the said property is free from all incumbrances, except it is subject to any right that we may have granted to William Butler Duncan by deed executed March 16, 1898, and recorded in Deed Book No. 84 N. S., pages 536 et seq."

The reference is to the conveyance we have quoted, in part, above.

This bill seeks the construction of the conveyances made March 16 and May 1, 1898, respectively, with particular reference to the provisions pertaining to a right of way 100 feet wide across square numbered 365 for the purpose of laying tracks and operating trains thereon, so as to connect the tracks of the Mobile & Ohio Railroad Company (the owner of the appellee corporation) west of square 365 and of One Mile creek with the property lying east of One Mile creek, which was conveyed by Stewart and others to Duncan, and by Duncan to the appellee, in the year 1898.

[1] The court below entertained and gave effect to the conclusion that an easement or right of way for railroad purposes 100 feet in width over square 365, and not any definite part of that square, was vested through the conveyances of March and May, 1898. This conclusion was necessarily predicated of the view that the conveyances, in the respects quoted, were void for indefiniteness and uncertainty in describing a particular part of the soil embraced in square numbered 365. It is manifest upon a mere inspection of the quoted part of the conveyance of March and May, 1898, that no specific, definite part of square 365 was conveyed to Duncan or by Duncan to the appellee. It is void as a conveyance of any particular part of that square of a width of 100 feet or less. It is to be assumed, in view of the obvious uncertainty of the instruments in this regard, that the parties were, at the time the instruments were executed, equally aware that these deeds did not approximate an efficient description of any particular part of square 365; and hence that these conveyances did not transmit to the respective grantees any particular area, 100 feet in width, within the confines of square 365, whereon the grantees might lay the railroad tracks contemplated by the parties in order to afford railway access to the lands thereby conveyed, lying east or southeast of One Mile creek. In these circumstances, the question of the efficiency of the conveyances to effect the avowed purpose of the parties thereto to grant a right of way, an easement, 100 feet in width, over square 365, is to be determined by the terms employed by the parties to define and to describe that which, with refer-

ence to a right of way of a specified width, it was the intent to grant.

[2] It is both the obligation and the office of the courts to ascertain and to effectuate the intent of the parties in the execution of conveyances, unless the intent thereby manifested is opposed to some rule of law; and in the performance of this function the whole instrument is to be taken into consideration. Lamar v. Minter, 13 Ala. 31, 35, 36; Dinkins v. Latham, 154 Ala. 99, 45 South. 60. "If the deed contains a clause decisively showing the intention of the parties, ambiguities and inconsistencies in other clauses of the deed will not defeat such intention." McCombs v. Stephenson, 154 Ala. 109, 116, 44 South. 867.

[3] Where a deed admits of two constructions, that favorable to its validity and that more favorable to the grantee will be accepted. Dinkins v. Latham, 154 Ala. 99, 45 South. 60; McCombs v. Stephenson, 154 Ala. 116, 44 South. 867; Lamar v. Minter, 13 Ala. 31, 36.

It is clear beyond cavil that Stewart and others in their deed to Duncan—which in presently pertinent particulars Duncan reiterated in his conveyance to the appellee—intended to provide for a right of way 100 feet wide across square 365, and to invest the grantee with such a way of access over square 365 to the property thereby also conveyed, lying east or southeast of One Mile creek. This purpose is said to have failed because of the obviously abortive effort to convey a 100-foot strip of the area of square 365. In order to accord the manifest failure to make in the instrument an efficient description of a 100-foot strip of the area of square 365—a failure so obvious that the parties could not have been otherwise than fully aware of it—an effect to render dubious the major intent of the parties, it must be implied, and thereupon accepted, that the paramount purpose of the parties was to convey an *area*, within the confines of square 365, rather than to invest the grantees with a 100-foot right of way, an easement, whereby the lands, then conveyed, lying east of One Mile creek, should be made readily accessible through means of the way thus expressly intended to be granted. To such an interpretation assent cannot be given without doing violence to the clearly expressed purpose of the parties. When it is considered that the terms of the quoted matter from the conveyance leave completely uncertain where, on the surface of square 365, the boundary lines of the "strip" should be laid—a condition of uncertainty of which the parties could not have then been ignorant—the force of the expression definitive of the "object of conveying this last-described piece" is emphasized, and the effect thereof is enhanced and exalted, with the inevitable result of constituting that expression the vehicle for declaring the paramount intent entertained by the parties to the conveyance.

[4] An easement—a right of way—over a definitely described tract of land may be effectively granted, and its particular location on the tract fixed, through the aid of a court of equity, even though the grant does not define the boundaries of the way intended to be so granted. Lide v. Hadley, 36 Ala. 627, 76 Am. Dec. 338; Long v. Gill, 80 Ala. 408; Overton v. Moseley, 135 Ala. 599, 33 South. 696; Webb v. Jones, 163 Ala. 637, 648, 50 South. 887; S. & N. Ala. R. R. Co. v. Highland Ave. R. R. Co., 117 Ala. 395, 405, 406, 23 South. 973. If the intent of the parties had involved a purpose to convey an *area* only, and the conveyance had left it entirely equivocal *which of two areas* they intended to convey, a different inquiry would have arisen, and the application of other principles would have been necessary to the determination of the question submitted by this bill.

[5] Where a conveyance manifests a major intent to grant an easement of access over a definitely described tract of land, and in an effort to effect this paramount purpose an obvious failure to efficiently define the particular location of the easement is made, no such conflict in manifested intention or in clauses of the instrument is instituted as would justify a court in pronouncing the conveyance void for indefiniteness or uncertainty.

[6] Where the intent to convey an easement is manifest, the employment of terms that would otherwise describe corporeal property only will not suffice to defeat the purpose of the grant or to render the instrument void as a grant of an easement. Overton v. Moseley, 135 Ala. 599, 605, 606, 33 South. 696; Biles v. Tacoma R. Co., 5 Wash. 509, 32 Pac. 211; Robinson v. R. R. Co., 59 Vt. 426, 10 Atl. 522. The term "land" may, and often does, when consistent with the manifest intent of the parties, comprehend an easement as distinguished from the fee in the soil. Overton v. Moseley, supra. That this construction of the conveyance of March 16, 1898, is in strict accord with the grantors' purpose as expressed therein, is made altogether certain when reference is had to the above-quoted exception introduced by Stewart and others in qualification of the covenant against incumbrances in their conveyance of January 9, 1907, to the appellant. The express recognition therein of the existence of a right of way granted to Duncan by their deed of March 16, 1898, is in negation of the idea that the grantors understood that a conveyance of the fee in any part of the area of square 365 had been made by them to Duncan by the instrument of March 16, 1898.

[7] It results from this interpretation of the conveyances of March 16, 1898, and May 1, 1898, that no prejudicial error was committed in the rulings on the admission of evidence by the court below (Long v. Gill, 80

Ala. 408), nor in the relief granted and effectuated by the decrees brought into question by this appeal.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.