# Sheldon *v.* Carter.

## *Bill in Equity for Foreclosure of Mortgage.*

1. *Execution of deed; who are grantors.*—When one or more persons are mentioned in the body of a conveyance as grantors, and their names are subscribed to it, the additional signature of another person, who is nowhere mentioned in the instrument, does not make it his deed; but this principle does not apply to a mortgage signed by husband and wife, neither of their names being mentioned in it, which recites an indebtedness "by *my* promissory note," given for the purchase-money of land that day conveyed to the wife, and uses the words, "*we* do hereby sell and convey."

2. *Conveyance of wife's property.*—On a purchase of land by the wife, on credit, the purchase-money being secured by mortgage, the assent and concurrence of the husband, as required by the statute (Code, §§ 2346, 2348), are sufficiently manifested by his signing the note and mortgage jointly with his wife.

3. *Accepting deed without reading it.*—On grounds of public policy, a person who accepts a deed as grantee, without reading it, can claim no advantage from his failure to do so.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 9th April, 1889, by Gilbert Carter, against Mrs. Esther Sheldon and her husband, John Y. Sheldon; and sought the foreclosure of a mortgage, which was signed by the defendants, attested by one witness, duly proved and recorded, and in these words: "Know all men by these presents, that for and in consideration of a certain deed of land given, and *my* promissory note for part price thereof, indebtedness to Gilbert Carter, in the sum of $1,000, due by promissory note bearing date January 27th, 1888, for one year, and payable January 27–30, 1889: Now, to secure the punctual payment of said indebtedness, *we* do hereby sell and convey to said Gilbert Carter the following property, . . which is the same lot of land conveyed by Gilbert Carter and wife to Mrs. Esther Sheldon, by deed bearing even date herewith; . . upon condition, however, that if *she* pay said promissory note to said Carter, or his assigns, with interest, this deed to be void; but, if she fail to pay said note, in whole or in part, at maturity, the said Carter, his agents, or assigns, are authorized to take possession of said property, and sell the same at public outcry. . . Given under our hands and seals, this 27th January, 1888."

[Sheldon v. Carter.]

Mrs. Sheldon and her husband filed separate demurrers to the bill, alleging, in substance, that it showed no valid contract binding on either of them; and the demurrers being overruled, they filed an answer, in which they alleged that the land conveyed to Mrs. Sheldon by Carter, as described in his deed to her, was not the land which she had contracted to buy, and which was described in his bond for titles, and that she supposed, when she accepted the deed, that it was for the same land. They asked that their answer be taken as a cross-bill, and prayed that the contract be rescinded on account of the alleged fraud, the note and mortgage be cancelled, and a personal decree rendered against Carter, in favor of Mrs. Sheldon, for the money already paid, and the same be declared a lien on the land. The chancellor overruled the demurrer, dismissed the cross-bill, and rendered a decree of foreclosure; and each part of this decree is now assigned as error.

TIPTON BRADFORD, for appellants, cited *Harrison v. Simons*, 55 Ala. 510; *Blythe v. Dargin*, 68 Ala. 375; *Madden v. Floyd*, 69 Ala. 221; *Gaston v. Weir*, 84 Ala. 193; *Hammond v. Thompson*, 56 Ala. 591; *Northington v. Faber*, 52 Ala. 45; 38 Ala. 518.

WARD & JOHN, contra, cited *Marks v. Cowles*, 53 Ala. 499; *Crampton v. Prince*, 83 Ala. 249.

STONE, C. J.—We have several decisions which hold that, when a deed of conveyance is subscribed by more names than one, and some of the subscribers' names are not shown in the body, or granting clause, such instrument is not the deed of those whose names are omitted from the granting clause, and shown only in the signatures.—*Harrison v. Simons*, 55 Ala. 510; *Hammond v. Thompson*, 56 Ala. 589; *Blythe v. Dargin*, 68 Ala. 370; *Fite, Porter & Co. v. Kennamer*, at this term; *Agricultural Bank v. Rice*, 4 How. (U. S.) 225. In each of these cases, one or more names were expressed in the body of the deed, as uniting in the grant; and those, and one or more additional names, were subscribed at the foot of the deed. It has been uniformly ruled that a conveyance thus executed is the deed of only those expressed in the body of the instrument, for they alone grant, bargain, sell and convey. Such is the natural interpretation of the language. When an instrument expresses in terms that it is a conveyance by A and B, we would do great violence to its obvious intent, if we were to hold that C also conveyed, merely because his name appears as one of the signers. *Expressum facit, cessare tacitum.*

The instrument we are required to interpret in this case is a mortgage. The subscribers to the instrument are Esther Sheldon and John Y. Sheldon. Neither their names, nor any other name, is expressed in the body of the conveyance as a grantor. It recites, " that for and in consideration of a certain deed of land given, and my promissory note for part price thereof, indebtedness to Gilbert Carter, in the sum of one thousand ($1,000) dollars, due by a promissory note bearing date January 27, 1888, for one year, and payable January 27–30, 1889 : Now, to secure the punctual payment of said indebtedness, we do hereby sell and convey to said Gilbert Carter the following property, to wit : " &c. Then follows a description of the land conveyed the same day by Carter and wife to Mrs. Sheldon. The record shows, also, a note which corresponds with description given in the mortgage, except that it is signed by Mrs. Sheldon and her husband. We think this case is taken entirely without the influence of the rule declared in *Harrison v. Simons, supra*, and the cases which followed it.

In the case of *Madden v. Floyd*, 69 Ala. 221, the title relied on was a mortgage of real estate. In that case, as in this, the name of neither party signing the mortgage appeared at any place in the instrument, except at the place of signing ; nor was there other reference to the grantors, than under the general designation of the pronouns, " I ", " my ", and " me." Two names were signed to the mortgage as grantors, and this court held it had been sufficiently executed.

Signing the note and mortgage with his wife was a full compliance with the statute, by Sheldon, the husband. It was certainly a written expression of his concurrence.—Code of 1886, §§ 2346, 2348 ; *Gindrat v. Montgomery Gas Light Co.*, 82 Ala. 596.. There is nothing in this aspect of the bill.

It is objected for appellants, that Carter contracted to sell to Mrs. Sheldon one lot, with a special and particular description, and conveyed to her a lot with an entirely different description. There are many reasons why we think there is nothing in this objection. *First*, neither Mrs. Sheldon nor her husband pretends or claims that the title to the lot is imperfect, or that it is not the identical lot they intended to purchase, and agreed to purchase. *Second*, while the description of the lot given in the bond is somewhat awkward and difficult to be understood, yet, when considered in connection with the map, the titles of adjacent, co-terminous proprietors, and the changed names of streets, it becomes reasonably certain that the bond and deed describe the same lot of land. *Third*, if the description in the bond be obscure or unintelli-

gible, or even if it misdescribe the land, it is not claimed there is any error in the deed, which was accepted in discharge of the bond; and this would cure the error, if one had been made. *Fourth,* after the deed was executed, and until the present bill was filed—more than a year—we hear of no complaint of misdescription, while the lot was given in for taxes as Mrs. Sheldon's, by her husband as agent, and he also made efforts to sell it.

Mrs. Sheldon can claim no advantage from her failure to read the deed. It was her privilege, if not her duty, to do so, and public policy requires us to hold her to the same accountability as if she had read it.—*Goetter v. Pickett,* 61 Ala. 387; *Dawson v. Burrus,* 73 Ala. 111; *Grace v. Adams,* 100 Mass. 505; *Jones v. Cin., S. & M. Railway Co.,* 89 Ala. 376.

Affirmed.