# Tennessee C. I. & R. R. Co., *v.* Pratt Consolidated Coal Co.

*Unlawful Detainer.*

(Decided June 30, 1908. 47 South. 337.)

*Leases; Term of Years; Extension; Validity.*—A lease for twenty years is as long a term as is permitted under the statutes, (Section 1032, Code 1896) and the stipulation in such a lease giving the lessee the right to continue the lease for another term of twenty years on the same kind of conditions and stipulations, is invalid.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. RAY.

Action by the Pratt Consolidated Coal Company against the Tennessee C. I. & R. R. Co., in unlawful detainer. Judgment sustaining demurrer to a plea setting up a lease and judgment thereon for plaintiff, defendant appeals. Affirmed.

PERCY & BENNERS, for appellant.—The additional term granted by the lease does not ipso facto tie the lands up in a lease for a term longer than twenty years, since it is left to some affirmative action on the part of the lessee.—*Hart v. Hart,* 22 Barb. 606.

BANKHEAD & BANKHEAD, for appellee.—A covenant or agreement to extend the terms of a lease for a time specified is not a covenant to renew but a present demise which becomes operative immediately upon the exercise of the option conferred.—24 Cyc. 1008; *Hart v. Hart,* 22 Barb. 606; 18 A. & E. Ency. of Law, 685; *Stewart v. Gorter,* 2 L. R. A. 711; *Insurance Co. v. National Bank,* 71 Mo. 60; *Ranlett v. Cook,* 84 Am. Dec. 92.

SIMPSON, J.—This is an action of unlawful detainer, brought by the appellee against the appellant. The contention of the plaintiff is based upon the fact that, a lease made March 2, 1888, for a period of 20 years, having expired, and defendant refusing to give possession, the plaintiff is entitled to bring this suit. The plea of the defendant sets up the facts that said lease contained the following provision, to-wit: "This said instrument of lease to remain in full force, effect, and virtue for and during the full period of 20 years, and with the privilege, hereby given, granted, and allowed to the party of the second part, its assigns and successors, to continue the said lease of above-described property for an additional period of 20 years from the 2d day of March, 1908, the date when this lease shall expire, and upon the like terms, condition, stipulations, and considerations as are set forth and provided in this instrument."—and states that, pursuant to said lease, the party of the second part herein, "prior to the expiration of the original lease, * * * notified plaintiff * * *

that defendant, under the provisions of said lease here-inbefore set out, desired and elected to exercise the privilege contained in said lease * * * of continuing said lease of said leased property for an additional period of 20 years from the 2d of March, 1908, upon like terms," etc. The plaintiff demurred to the plea, which demurrer was sustained, and, the defendant refusing to answer further, judgment was rendered for the plaintiff.

Section 1032 of the Code of 1896 provides that "no leasehold estate can be created for a longer term than twenty years." So the only point to be decided in this case is whether in a lease made for 20 years under that statute, a provision granting to the lessee the right to continue the lease for 20 years longer is valid. The mere statement of the proposition seems to answer itself. The policy of the law is clearly expressed in the statute that a person shall not be allowed to tie his property up by lease for a longer period than 20 years; and it would be a strange construction which would allow him to defeat the purposes of the law by the mere wording of his contract. "Qui haeret in litera haeret in cortice." It will be noticed that in this case (although we do not intimate that the results would be otherwise if it were differently expressed) it is not an agreement to make another lease at the expiration of the first, but to "continue" the original lease for a further period of 20 years. This is "a present demise, which becomes operative immediately upon the expiration of the option."—24 Cyc. 1008. It has been held that a lease for 10 years, with a provision that it should be renewed for 10 years longer, is a lease for 20 years.—*Hall v. Spaulding,* 42 N. H. 259; *Ranlet v. Cook,* 44 N. H. 512, 84 Am. Dec. 96. The party holding over under the option holds under the original lease.—*Insurance Co. v. National Bank,* 71 Mo. 58, 60, 61. As stated in one case, such a contract is "an uncon-

ditional lease for the original term, and a conditional lease for the term thereafter," and "he holds for the auditional term under the original lease."—*Sheppard v. Rosenkrans,* 109 Wis. 58, 85 N. W. 199, 83 Am. St. Rep. 886, 888. Under a constitutional provision that no lease should be made for a longer period than 12 years, a lease for 12 years, "with a covenant renewal for 12 years longer, if the lessor should live," was held by the Supreme Court of New York to be good for the original 12 years, but invalid as to the succeeding 12.—*Hart v. Hart,* 22 Barb. (N. Y.) 606.

We do not see that the distinction pointed out by counsel is material, to-wit, that in that case both parties were bound to the renewal. The reason of the decision is that to make a contract for leasing beyond the constitutional period was a violation of its provisions. The Maryland Court of Appeals, also, has held that "a lease for 14 years, with a covenant to renew for another 14 years, is in effect a lease for a longer period than 15 years," and therefore that the lease came under the provisions of an act which made all rents reserved for a longer term than 15 years redeemable.—*Stewart v. Sarter,* 70 Md. 242, 16 Atl. 644, 2 L. R. A. 711. To the same effect are the decisions of the English courts.—*Watson v. Master, etc. of H. Hospital,* 14 Ves. Jur. 324, 333; *Moore v. Clench,* 1 C. D. 447, 452; *Lydiatt v. Foach,* 2 Vern. 410. In the case last cited the court say: "The covenant to renew until the term of 21 years was made up to 60 years, being the same, and as much to the prejudice of the hospital, as to grant a term of 60 years at first, which was contrary to the rules of the founder."

The court corretcly sustained the demurrers to the pleas.

The judgment of the court is affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.