(77 South. 1)

TOWNLEY v. CORONA COAL & IRON CO.
(6 Div. 603.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Withdrawn Dec. 10, 1917.)

1. EVIDENCE ⬥461(2)—PAROL EVIDENCE AFFECTING WRITING—SHOWING OF INTENTION—SIGNERS OF DEED.

In aid of the interpretation of an acknowledgment to a conveyance, evidence that the signers of the deed were all of the children of one of the grantors is admissible, not contravening the rule against the admission of direct parol evidence to show intention.

2. DEEDS ⬥120 — EXECUTION BY PERSONS HOLDING LEGAL AND EQUITABLE TITLE — EFFECT.

A warranty deed signed by persons several of whom were the sons and daughters and the wives and husbands of the children of a decedent passed to the grantee the legal title of two of the signatories, and the equitable title of the other signatories.

3. EQUITY ⬥19—HOLDER OF EQUITABLE TITLE—RIGHT TO TRANSFER OF LEGAL TITLE.

The holder of the equitable title in a court of chancery may have the legal title transferred to him, if this can be done without injury to innocent third parties.

4. VENDOR AND PURCHASER ⬥224 — PURCHASER IN FACE OF RECORD WARRANTY TITLE—TITLE ACQUIRED.

A purchaser under a quitclaim deed in the face of a coal and iron company's record warranty title acquired no superior title, legal or equitable, that a court of chancery would protect against the right of the coal and iron company; for such purchaser was put on inquiry, and so was not a bona fide purchaser without notice.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill in equity by the Corona Coal & Iron Company against M. D. Townley and others. From a decree for complainant, respondent Townley appeals. Affirmed.

J. B. Powell, of Jasper, for appellant. A. F. Fite, of Jasper, for appellee.

THOMAS, J. The primary object of the bill as amended was to sell for· division among joint owners the coal and mineral rights in the lands specifically described. As an incident to this relief, the bill sought the quieting of title as against the claims of certain parties respondent and the establishment of the extent of the complainant's interest therein.

The averments of ownership made in the bill as last amended as to the respective interests of appellant, M. D. Townley, and appellee, Corona Coal & Iron Company, and the Birmingham Fuel Company, are:

"Complainant further alleges that it is the owner and in peaceable possession of the coal and other minerals in S. E. ¼ of N. W. ¼ of section 24, township 14, range 9, in Walker county, Ala., and defendants hereto claim, or are reputed to claim, some right, title, or interest in, or incumbrance upon, the said lands, and there is no suit pending to enforce or test the validity of such claim of right, title, or interest;" that if it "is mistaken in the averment that it owns the whole of said lands, then' this complainant and some of the defendants herein are joint owners or tenants in common thereof in the following proportions: That complainant is the legal or equitable owner of an undivided nine-twelfths interest in said land, and defendant Birmingham Fuel Company owns an undivided one-twelfth interest. The defendant M. D. Townley is the owner of an undivided one-twelfth' interest and an undivided one-half of one-twelfth interest."

Many parties are made respondents, and sought to be concluded by decrees pro confesso, or by their appearance and answer on full pleading and proof.

The bill was not demurred to on the ground of misjoinder, nor is it now questioned by appellant on that ground. We do not by this observation intimate or decide that there was a misjoinder of parties.

The right of the unknown heirs of a decedent, or that of nonresident joint owners, to due notice, was recently discussed, and authorities were collected, in Gill v. Moore, 76 South. 453.[1] It is not necessary to restate the same. So far as appears under the assignment of errors, no question is raised as to the sufficiency of service on any of the respondents against whom decrees pro confesso were taken and on which submission was had.

All parties to the suit trace their title to these lands to Thomas D. Lockhart, to whom patent therefor was issued on March 1, 1858. The evidence is without conflict that Thomas D. Lockhart died during the Civil War, leaving 12 children, viz. T. J. Lockhart, Charles

Lockhart, Mary Files, Elizabeth NeSmith, A. J. Lockhart, S. M. Lockhart, O. P. Lockhart, W. H. Lockhart, Malinda Wright, A. L. Lockhart, Synthia (Cynthia?) De Weese, and Julia Brand; that M. D. Wright and Malinda Wright were one and the same person; and that the lands cannot be equitably divided among the several joint owners without a sale.

The proof shows that the Birmingham Fuel Company is the owner of an undivided one-twelfth interest in said lands, notwithstanding the averment in its answer that it is the owner, either legal or equitable, of an undivided two-twelfths interest therein. That company began its chain of title with the deed of S. E. or Synthia De Weese (one of the 12 children of Thomas D. Lockhart, deceased), of date September 10, 1877, to James Sides; and said company, by successive warranty deeds from Sides and his respective successors in interest acquired whatever interest in said lands that passed to the said Sides by the deed from S. E. or Synthia De Weese and her husband.

The decree of the court below was that each of the heirs, the 12 children of Thomas D. Lockhart, was originally entitled to a one-twelfth interest in the estate, and hence that these heirs were joint owners of the lands described in the bill; that W. H. Lockhart acquired by purchase an equitable title to the one-twelfth undivided interest of his brother T. J. Lockhart, and thereafter by deed to J. R. Fike the said W. H. Lockhart conveyed his original interest together with that so acquired of T. J. Lockhart (aggregating a one-sixth undivided interest in said lands) to said Fike; that by said deed the said Fike also acquired either a legal or an equitable title to the respective interests of Malinda Wright, O. P. Lockhart, and A. L. Lockhart; and that complainant, the Corona Coal & Iron Company, succeeded to said title by mesne conveyances.

Appellee's title consisted of warranty deeds from W. J. Duane, of date June 27, 1901, who received a warranty deed from H. B. Gray as receiver of Corona Coal & Iron Company, the latter from Penn-Mobile Coal Company, and it, from Burke and others as trustees, to whom the land had been conveyed by L. B. and J. C. Musgrove, and they from J. R. Fike, the aforesaid grantee, said land having been conveyed, or undertaken or contracted to be conveyed, to said J. R. Fike, on September 2, 1884, by J. D. Wright, W. H. Lockhart, O. P. Lockhart, Dorcas Lockhart, M. D. Wright, S. C. Lockhart, E. C. Lockhart, and L. A. Lockhart. This last deed was for the recited valuable consideration, and purported to convey the whole interest in said lands. It was duly acknowledged by the grantors executing the same, and recorded on the 8th day of March, 1886. The foregoing conveyances or "chain of title" is duly noted in the submission for final decree.

An agreement of counsel contains the admission:

That "whatever legal or equitable title, or interest in the lands involved which passed by the said deed [that of September 2, 1884, to J. R. Fike, executed by said Wrights and said Lockharts] was later vested in the appellee company, the Corona Coal & Iron Company, by successive warranty deeds," and that "appellant, M. B. Townley, received quitclaim deeds covering said lands, and acquired whatever interest was vested in the several grantors therein as at the time of the execution of the respective deeds to him, to wit: D. M. and J. D. Wright, on May 14, 1915; W. H. Lockhart on May 12, 1915; O. P. Lockhart on May 17, 1915; F. M. Lockhart on May 10, 1915; T. J. Lockhart on May 4, 1915; Rufus Lockhart on May 15, 1915; S. M. Lockhart on May 14, 1915;" and others.

The question for decision is the effect of the deed of date September 2, 1884, executed by J. D. Wright and W. H. Lockhart and others, purporting to convey the entire interest in the quarter section of land in question to J. R. Fike. That conveyance contained these recitals:

"Know all men by these presents that we, J. D. Wright and Malinda Wright, his wife, of Walker county and state of Alabama, for and in consideration of the sum of one hundred dollars to them in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained, and sold, and by these presents, grant, bargain, sell, and convey to J. R. Fike, his heirs and assigns [description of the lands, etc.]. To have and to hold, to the said J. R. Fike, his heirs and assigns forever, in fee simple. And the said J. D. Wright and Malinda Wright doth hereby covenant with the said J. R. Fike that at the time of the ensealing of these presents are seised and possessed of a good and indefeasible title to the afore-granted premises, and doth warrant and will forever defend the same against the claims of all and every person or persons whomsoever."

This deed was signed by M. D. Wright and her husband, J. D. Wright, W. H. Lockhart and his wife, Susanna Lockhart, and A. L. Lockhart and his wife, Dorcas Lockhart, each of whom duly acknowledged the same as a grantor, as shown by the statutory acknowledgments indorsed thereon, of all of said purported grantors. This conveyance was filed for record in the office of the judge of probate of Walker county, Ala., on the 5th day of March, 1886, and there duly recorded in the record of deeds. The proof is without dispute that these were the lands formerly owned by Thomas Lockhart, and descended to the said named grantors, and other brothers and sisters, by the death of the ancestor, and that said lands lay in Walker county, Ala., where this suit was litigated.

Appellant's counsel insist that the title to the lands of W. H. Lockhart (owning a one-sixth interest), O. P. Lockhart (owning a one-twelfth interest), and A. L. Lockhart (owning a one-twelfth interest) did not pass to J. R. Fike by reason of said deed, but that, the said W. H., O. P., and A. L. Lockhart having made a quitclaim deed to said lands, as did T. J. Lockhart, to M. D. Townley in 1915, the said Townley has the legal title to their

several interests in the lands involved in this suit, as shown by the agreement of counsel set out in the record and above referred to.

In Harrison v. Simons, 55 Ala. 510, 514, this court quoted with approval the language of Chief Justice Taney (Agricultural Bank v. Rice, et al., 4 How. 225, 241, 11 L. Ed. 949) pertinent here:

"In order to convey by grant, the party possessing the right must be the grantor, and use apt and proper words to convey to the grantee, and merely signing, sealing, and acknowledging an instrument, in which another person is grantor, is not sufficient."

This was a case where a married woman signed, sealed, and acknowledged a deed in which there were no apt words of grant on her part, but only on the part of her husband, who was also a party to the deed, and it was held that the deed conveyed the marital interest of her husband in the lands sought to be conveyed, and not the interest of the wife. Hammond, Adm'r, v. Thompson, 56 Ala. 589; Blythe and Wife v. Dargin, 68 Ala. 370; Madden v. Floyd, 69 Ala. 221; Fite, Porter & Co. v. Kennamer, 90 Ala. 470, 7 South. 920; Sheldon v. Carter, 90 Ala. 380, 8 South. 63.

The assent of the husband to the conveyance of the wife's real property, under our statute, has been held to be sufficiently manifested by his signing the note and mortgage for the purchase money, where neither of their names is recited in the instrument as grantor. Sheldon v. Carter, supra. In Dinkins v. Latham, 154 Ala. 90, 45 South. 60, it was held that the mortgage was sufficiently executed, in accordance with the statutory requirements, where the note was signed by a married woman alone, with an indorsement in writing signed by the husband, expressing his consent thereto; the mortgage to secure the note reciting:

"I hereby grant, bargain, sell," etc., and "to pay the balance, if any, to the said [naming the wife]. Given under our hands and seals," etc.

The property conveyed was the property of the wife, and the mortgage was signed by her and her husband. Thus the whole instrument was looked to for the ascertainment of the interest of the parties to the conveyance and of that sought to be conveyed by the grantors. Sloss-Sheffield Co. v. Lollar, 170 Ala. 239, 247, 54 South. 272; Bowles v. Lowery, 181 Ala. 603, 610, 62 South. 107.

[1] In aid of the interpretation of an acknowledgment to a conveyance, evidence that the signers of the deed were all of the children of one of the grantors is admissible, and such evidence does not contravene "the rule against the admission of direct parol evidence to show intention." Bowles v. Lowery, supra; Doe ex dem. Hughes v. Wilkinson, 35 Ala. 453, 462, 466.

The evidence proves that several of the grantors to the conveyance in question were the sons and daughters (and their wives and husbands) of the children of Thomas D. Lockhart, deceased, from whom an undivided interest in the lands in question descended, on his death, to said respective grantors.

[2, 3] The effect, in law and in equity, of the conveyance in question, was that the legal title of M. D. Wright and J. D. Wright passed to the grantee on the execution and delivery of the deed to J. R. Fike, and that the equitable title of the other parties signing as grantors, namely, W. H. Lockhart, O. P. Lockhart, and A. L. Lockhart, was vested in said grantee. Swindall et al. v. Ford, 184 Ala. 137, 146, 63 South. 651; Rushton v. Davis, 127 Ala. 279, 290, 28 South. 476. The holder of the equitable title, in a court of chancery, may have the legal title transferred to him if this can be done without injury to innocent third parties. Thygerson v. Whitbeck, 5 Utah, 406, 408, 16 Pac. 403; Beringer v. Lutz, 188 Pa. 364, 372, 41 Atl. 643; Armitage v. Mace, 48 N. Y. Super. Ct. 107; Barrows v. Keene, 15 R. I. 484, 487, 8 Atl. 713; 15 Cyc. 1087.

Anticipating this holding, the appellant further insists that, if the conveyance be given the effect of an equitable title it would only extend to the original one-twelfth undivided interest of W. H. Lockhart that descended to him from his ancestor (Thomas D. Lockhart), and not to the interest acquired by purchase from his brother, T. J. Lockhart. But such, under the evidence, was not the effect of the conveyance; for the testimony of W. H. Lockhart was, in substance, that prior to his said conveyance or written agreement, for a valuable consideration, to convey to Fike his interest in the lands, he had purchased, paid for, and acquired the one-twelfth interest of his brother, said T. J. Lockhart, and had received a deed therefor from said brother.

The case of Potts v. Coleman, 86 Ala. 94, 101, 5 South. 780, 782, relied on by appellant, is not in conflict with the ruling of the trial court. There it was said:

"We are unable, however, to resist the conclusion that no sufficient predicate was laid for the introduction of secondary evidence of the contents of the alleged deed, which was a question addressed to the consideration of the court, and not of the jury. To justify such evidence, especially when exclusively oral, the following facts must be established to the satisfaction of the court: (1) The existence and execution of the original paper as a genuine document; (2) the substance of its contents; (3) its loss, destruction, absence from the state, or other satisfactory reason for failure to produce the original, which may be shown by such diligent search for it as would raise a reasonable presumption of such loss or absence. The one of these facts is as necessary to be proved as the other, and the failure, therefore, to prove either is fatal to the right to introduce the secondary evidence."

In the Potts Case the court was only dealing with the proper predicate for the introduction of secondary evidence of the con-

tents of a conveyance. Here the inquiry was in the court below, and addressed to W. H. Lockhart as a witness, it being detailed in the record as follows:

"Q. Did you buy the interest of T. J. Lockhart in this land at one time? A. Yes; I bought his interest when he went to go to Arkansas, some time before he commenced selling out, and paid him for it. Q. When was that? A. It was about 40 years ago. Q. Did he make you a deed? A. Yes; I remember the justice of peace mighty well; he is dead now; it is old man Andy Sides. Q. Did you file the deed for record? A. I don't reckon I did; I have forgot it if I did. Q. Have you got the deed in your possession? A. No, sir. Q. This T. J. Lockhart is a son of Thomas D. Lockhart? A. Yes."

Thus the witness was allowed to testify without objection to having purchased the interest of said T. J. Lockhart and received a conveyance thereto. No question was made in the court below as to the competency of this testimony, on the ground that no sufficient predicate had been laid for the introduction of parol evidence of the contents of the conveyance. The fact of this purchase, with the consummation thereof by conveyance, not being challenged, the evidence supported the decree of the circuit court of Walker county in equity, as to the interest of T. J. Lockhart being acquired by W. H. Lockhart, and as to its subsequent acquirement, through mesne conveyances, by appellee, long before the execution of the quitclaim deed by T. J. Lockhart (May 4, 1915) to appellant, M. D. Townley.

[4] The latter, being a purchaser under a quitclaim deed, in the face of appellee's record warranty title, acquired no superior title, legal or equitable, that a court of chancery would protect against the right of appellee, the Corona Coal & Iron Company. Betts v. Ward; 196 Ala. 248, 72 South. 110, 115. As grantee of lands under a quitclaim deed, the said Townley was put on inquiry, and so was not a bona fide purchaser without notice. Rucker v. T. C., I. & R. R. Co., 176 Ala. 456, 58 South. 465; Wood v. Holly Mfg. Co., 100 Ala. 326, 13 South. 948, 46 Am. St. Rep. 56; O'Neal v. Seixas, 85 Ala. 80, 4 South. 745; Barclift v. Lillie, 82 Ala. 319, 2 South. 120; Tillotson v. Kennedy, 5 Ala. 407, 39 Am. Dec. 330.

It may be that, if suitable objection had been made to the introduction of the testimony in question, on the ground of the failure to show that the deed had been lost or destroyed or was absent from the state, the purported predicate above set out from the evidence would not square with the predicate required by Potts v. Coleman, supra.

The decree of the circuit court sitting in equity is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.