(77 South. 28)

TOWNLEY v. BIRMINGHAM FUEL CO.
(6 Div. 602.)

(Supreme Court of Alabama. Nov. 15, 1917. Application for Rehearing Withdrawn Dec. 10, 1917.)

1. FRAUDS, STATUTE OF ☞158(2) — PAROL EVIDENCE—TITLE TO LANDS.

Parol proof is not admissible to establish title to land, though it is to prove possession.

2. APPEAL AND ERROR ☞204(2)—NECESSITY OF OBJECTION—PAROL EVIDENCE.

It is too late to object for first time on appeal that parol proof was admitted to establish title to lands, since the party against whom it was offered should have objected to the admissibility thereof, and had it excluded, if it was not the best evidence on the subject.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by the Birmingham Fuel Company against M. D. Townley and others. Decree for plaintiff, and Townley appeals. Affirmed.

J. B. Powell, of Jasper, for appellant. A. F. Fite, of Jasper, for appellee.

MAYFIELD, J. The bill was originally filed to sell land for distribution among tenants in common. It was later amended to seek also the quieting or determination of title to the land in question; that is, to allege that certain parties, who were not admitted to be tenants in common, were also claiming the land, and to require such parties to show by what right they were claiming title.. This last feature of the bill is not important on this appeal, because none of those parties so claiming title, or alleged so to be claiming, are claiming against the decree reviewed. One of the contested questions on this appeal, however, is, Who acquired the interest or title of these third parties, appellant or appellee? it being conceded that they once had title, but that it had passed out of them, and into either appellant or appellee; at least, that so had passed the equitable title.

The trial court found that this title of such parties had so passed into the appellee, complainant below; and of this finding appellant complains. We agree with the chancellor that the title of these parties—at least, the equitable title—passed to appellee, and not to appellant. It is unnecessary to discuss the evidence which leads us to this conclusion. It is sufficient to say that it has all been carefully considered, and that we agree with the chancellor, or trial judge, in his finding and decree rendered. Some of the questions here involved are decided in a companion case. Townley v. Corona C. & I. Co. 77 South. 1, ante, p. 627.

[1, 2] The doctrine announced by this court in Potts v. Coleman, 86 Ala. 94, 5 South. 780, cannot apply to or control this case. It is very true that parol proof is not admissible to establish title to land, though it is to prove possession. The trouble in this case is that no sufficient or timely objection was interposed to the admissibility of the parol proof complained of. It may be that it was the best, or the only, proof of the title; the written proof having been lost or destroyed. The party against whom it was offered should have objected to the admissibility thereof, and had it excluded, if it was not the best evidence on the subject. It was too late to do so, after it was admitted without objection and the facts were found in accordance therewith.

We find no error, and the decree must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.