150 So.2d 220

Edwin M. McINTYRE

v.

William Stanton COKER.

3 Div. 966.

Supreme Court of Alabama.

Feb. 7, 1963.

458

Edwin C. Page, Jr., and B. E. & R. L. Jones, Evergreen, for appellee.

LAWSON, Justice.

This is an appeal from a final decree of the Circuit Court of Conecuh County, in Equity, rendered in a declaratory judgment proceeding instituted by appellee, William Stanton Coker, against appellant, Edwin M. McIntyre, for the purpose of obtaining declarations as to the right of Coker to remain in possession of real property situated in the City of Evergreen, to which McIntyre received a warranty deed on December 8, 1960, from John Barry Shannon,

Jones & Nix, Evergreen, and Wm. Roy Stokes, Brewton, for appellant.

Mary Carter Shannon, Lola T. Carter, Lucia C. Andress, Terry F. Andress, Robert L. Carter and Ashley Reese Carter.

On or about December 30, 1960, McIntyre made written demand upon Coker for possession of the suit property. Coker refused to surrender possession on the ground that he was entitled to possession of the premises until December 31, 1966, by virtue of two leases executed by Mary Carter Shannon and husband, John Barry Shannon, one on December 14, 1946, and the other on May 12, 1951.

In the lease of December 14, 1946, the Shannons are referred to as the lessor and one J. H. Robinson as the lessee. The lessor leased to the lessee, his successors, sublessees and assigns a lot in the southeast corner of the intersection of West Front Street and McGee Street in the City of Evergreen on which a gasoline filling station was located.

In the lease of May 12, 1951, the Shannons are referred to as the lessor and W. S. Coker and Talmadge Smith, partners doing business under the firm name and style of Coker Service Store are named as the lessee. This lease covered a lot which joins on the west the lot covered by the first lease.

The primary terms of both leases expired December 31, 1956. In each of the leases was a provision for renewal at the same rental for a period of five years (December 31, 1956—December 31, 1961) provided the lessee give to the lessor written notice of intention to renew at least thirty days prior to the expiration of the primary term.

The lease of May 12, 1951, contains the further provision that if the lessee exercised the right to renew for the five-year term beginning December 31, 1956, and ending December 31, 1961, the lessee could renew at the same rental for an additional five-year period from December 31, 1961, to December 31, 1966, by giving written notice to the lessor at least thirty days prior to December 31, 1961.

But the right to renew the May 12, 1951, lease was conditioned on the action taken by "lessee" to renew the lease executed on December 14, 1946.

The lease of May 12, 1951, contained language to the effect that J. H. Robinson, the lessee in the lease of December 14, 1946, had transferred his rights and interest therein to the lessee named in the lease of May 12, 1951, and provisions were added to the lease of December 14, 1946, to the effect that the assignee of the lessee therein named had the privilege of renewing the lease of December 14, 1946, at the same rental for a period of five years from the expiration date of the exercised renewal period, that is, from December 31, 1961, to December 31, 1966, by giving to the lessor written notice of intention to renew at least thirty days prior to the expiration of the first renewal period.

Both leases authorized the lessee to use the leased premises for the purpose of operating a gasoline filling station thereon and to that end the lessee was given the right to erect thereon the necessary buildings, etc. The leases also provided that the lessee could remove at any time within thirty days after the expiration of the lease or any renewal thereof any buildings or equipment placed on the property by the lessee.

Both leases provided that the lessor warranted and would defend the lessee in the quiet enjoyment of the leased premises during the term of the lease, or any extension thereof, and that the lease inured to the benefit of the parties, their respective heirs, personal representatives, successors and assigns.

Each of the leases was recorded in the office of the Judge of Probate of Conecuh County within a few days after its execution.

No written notice of an intention to renew was given during the primary term of either lease. However, the lessor continued to

collect rent and raised no point about the failure of notice to renew until a short time before the sale of the property to McIntyre, who purchased with full knowledge of Coker's contention that he had the right to possession of the premises and the right to renew before December 31, 1961, for another five-year period.

Coker acquired the interest of J. H. Robinson in the lease of December 14, 1946, and the interest of his partner in the lease of May 12, 1951.

McIntyre took the position that Coker had no right to the possession of the leased premises under the aforementioned leases for the reason that the lessor in those leases owned only a one-half undivided interest in the property, the other one-half undivided interest being owned by minors who did not execute the lease, and for the further reason that Coker was at best a tenant at will in that the written notice of intention to renew had not been given during the primary term of either lease.

Coker took the position that his right to possession was not affected by either of the grounds relied upon by McIntyre and in his bill notified McIntyre of his intention to renew both leases for the five-year period beginning December 31, 1961, and ending December 31, 1966.

Following a hearing where the testimony was taken ore tenus the court rendered a decree wherein it was declared (1) that Coker is the owner of all rights under both leases; (2) that both leases had been legally extended to December 31, 1961; (3) that Coker had elected to extend both leases and had the right to do so and to possess the premises covered by both leases until December 31, 1966; (4) that Coker at the expiration of the extended term of the leases, or within thirty days thereafter, has the right to remove from the leased premises all improvements placed thereon after the leases were executed.

It is from such decree that McIntyre has appealed to this court.

In support of his assertion that the trial court erred in not declaring that the leases are void in their entirety because an undivided interest in the leased premises is owned by certain minors, McIntyre lays stress upon statements of witnesses to the effect that the minors owned an interest in the leased premises. But we have held that parol proof is not admissible to establish title to land. Townley v. Birmingham Fuel Co., 200 Ala. 654, 77 So. 28. Such proof, although made without objection, could not be considered by the trial court and cannot be considered by this court in view of Act 101, approved June 8, 1943, General Act 1943, p. 105, which act provides in pertinent parts that in equity cases it is not necessary that objection be made to any testimony or evidence which may be offered by either party, and that on the consideration of such cases the court will consider only such testimony and evidence as is relevant, material, competent and legal, and shall not consider any testimony or evidence which is irrelevant, immaterial, incompetent, or illegal, whether objection shall have been made thereto or not, and whether such testimony be brought out on direct, cross or redirect examination, or is hearsay; that on appeal this court shall consider only such testimony as is relevant, material, competent and legal and that neither court is required to point out what testimony or evidence should be excluded or considered. See Burkett v. Newall, 212 Ala. 183, 101 So. 836.

In view of the fact that the parol evidence as to the ownership by the minors could not be considered, and the fact that no written instrument was introduced in evidence going to show that the minors owned an interest in the leased premises, we are constrained to hold that the trial court correctly refused to declare the leases void on the ground that an interest in the leased property was owned by the minors.

This court has held, in effect, that there is no technical distinction between a "renewal" provision and one for the extension of a lease where the lessee is given the

option, at his election, to retain the premises beyond the period of the primary term. Where the option is properly exercised, no new lease is necessary or contemplated under an option either for a renewal or for an extension. Tennessee Coal, I. & R. Co. v. Pratt Consolidated Coal Co., 156 Ala. 446, 47 So. 337; Feidelson v. Piggly Wiggly Alabama Co., 221 Ala. 81, 127 So. 516; Maddox v. Hobbie, 228 Ala. 80, 152 So. 222.

But appellant says that the option to renew was not properly exercised in that the leases provided for written notice to be given the lessor at least thirty days prior to the expiration of the primary term and no such notice was given.

The notice in writing was not given but the tenant remained in possession, paying his rent monthly and the landlord accepted the rent without any protest for approximately three years after the expiration of the term and until some time in December, 1949, when Mrs. Shannon and Coker had a conversation wherein Coker's assertion that he had a right to remain in possession was questioned by Mrs. Shannon. After this conversation Mrs. Shannon continued to accept monthly rental payments from Coker until the sale of the property in December, 1960.

It is the contention of appellee, Coker, that by continuing to occupy the premises beyond the term and to make the monthly rental payments to lessor, a waiver of the written notice was effectuated.

In so far as we are advised, this court has not been called upon heretofore to pass on the question as to whether a holding over and payment of rent is sufficient to constitute a renewal of the lease for the additional term, at the same rental, when the lease provides for the lessee to give to the lessor written notice of the lessee's intention to renew.

The courts of other states are not in agreement, but we believe the better view to be that where there is no distinction between a "renewal" provision and one for the extension of the lease, as is the rule in this state, a lessee who enters into possession of the demised premises under a lease for a fixed term, with the privilege of renewing it by giving written notice to the lessor, and continues in possession after the fixed term has expired, paying the rent therefor as it becomes due, thereby elects to exercise the option for a renewal, although no written notice was given. In such a lease the requirement of a written notice may be waived by the parties, and a waiver may be implied when the lessee remains in possession and pays the rent to the lessor. Probst v. Rochester Steam Laundry Co., 171 N.Y. 584, 64 N.E. 504; Feldman v. Sheridan Warehouse Co-operative Corp., 247 App.Div. 82, 285 N.Y.S. 1033; Blanchon v. Kellerstrass Distilling Corp., 200 Mo.App. 610, 208 S.W. 484; Holton v. Andrews, 151 N.C. 340, 66 S.E. 212.

We hold that both leases were effectively renewed. The assignment of the leases by the lessees named therein to Coker conferred upon him all the lessee's rights, including the right to renew for a new term beginning December 31, 1961, and ending December 31, 1966, and the right to remove at the time provided in the leases the improvements placed on the premises by the original lessee and Coker. Probst v. Rochester Steam Laundry Co., supra.

The decree of the trial court is affirmed.

Affirmed.

GOODWYN, COLEMAN and HARWOOD, JJ., concur.