The **HUDSON OIL COMPANY OF MO-BILE, INC.,** Plaintiff-Appellant,

v.

**W. W. McLEOD, Mae J. McLeod, et al.,** Defendants-Appellees.

No. 27304.

United States Court of Appeals,
Fifth Circuit.

April 20, 1970.

H. Hayden Rector, Michael J. Salmon, Mobile, Ala., for plaintiff-appellant.

Jere Austill, Jr., Alvin McConnell, Mobile, Ala., for defendants-appellees.

Frederic D. Dassori, Washington, D. C., for Johnson Real Estate, Inc.

Before BELL, AINSWORTH and CARSWELL, Circuit Judges.

AINSWORTH, Circuit Judge.

In this diversity case plaintiff seeks a declaratory judgment and specific performance in connection with certain real property situated in the City of Mobile, Alabama. The District Court denied relief and we affirm.

In October 1955, appellees McLeod and wife entered into a written contract of lease of the property with one Matthew Suraci for rental of the property for a term of five years commencing November 1, 1955, with right of renewal for additional five-year terms up to October 31, 1975.

The lease agreement contained a provision sometimes referred to as "the right of first refusal," which reads as follows:

"5. The lessor further agrees that should he desire and undertake to sell the leased premises or any portion thereof, he will first give the lessee the right and privilege of refusing to purchase same at the same price as that contained in any bona fide offer that the lessor is willing to accept."

In September 1957, McLeod and wife executed a deed to the effect that legal title to the real property involved was jointly in themselves and certain other

individuals. On April 1, 1958, lessee Suraci executed a written assignment of the lease to Hudson Oil Company, appellant herein. The assignment concluded with the clause "To have and to hold the same unto the Hudson Oil Company and its assigns from the 11th day of March, 1958 for and during all the rest and remainder yet to come of, and in the term of, all years mentioned in the said lease, *subject to the rents, covenants and conditions contained in said lease.*" (Emphasis supplied.) The assignment did not expressly state that the right of first refusal contained in the original lease was also being assigned. The parties are in disagreement as to whether the assignment should be construed to transfer not only the lease but also the right of first refusal contained in the original lease agreement.

The first five-year term of the lease expired on October 31, 1960, and in order to renew the term for the next five-year period commencing November 1, 1960, it was necessary for lessee to give six months' written notice of renewal prior to the expiration of the primary term. Written notice was necessary, therefore, on or before April 30, 1960. Appellant Hudson Oil Company contends that it gave "timely notice" of intention to renew the lease to lessors, but when its counsel inquired whether such a notice had been received, being advised by the McLeods that it had not, caused a registered letter to be sent to lessors dated June 27, 1960 enclosing an unsigned copy of a purported notice of renewal dated April 25, 1960. If the April 25, 1960 notice had been received by April 30, 1960, it would have been timely. Hudson Oil Company continued in possession of the property and to pay rent at the increased amount provided for the renewal period.

On June 3, 1960, the owners of the property, appellees herein, entered into an option agreement with Motor Investment Corporation (the parent of appellee Johnson Real Estate, Inc.) to sell a certain large parcel of property in Mobile, Alabama, for $262,500 and in the same instrument also granted an option of buying the property involved in this case (which is adjacent to the large parcel) for the sum of $40,000. The option for the smaller parcel could be exercised in writing at any time within one year following the date of conveyance of the larger parcel to purchaser if the option to buy it was actually exercised. Thereafter, the option to purchase the larger parcel was exercised and deed conveying title to the purchaser was executed on December 4, 1961.

The option to purchase the smaller parcel—the property involved in this case—was thereafter exercised and the owners finally conveyed title thereto on June 15, 1964 to appellee Johnson Real Estate, Inc. Claiming that it had the right of first refusal under the original McLeod-Suraci lease, which it avers was assigned to it, Hudson Oil Company demanded that Johnson Real Estate, Inc. convey the property to it for the same consideration. On Johnson's refusal this suit by Hudson against Johnson and the former owners of the property, McLeod and wife and others, followed. Both plaintiff and defendants moved for summary judgment and the Court granted summary judgment in favor of defendants. In granting defendants' motion the District Court held that assignment of the lease by Suraci to Hudson Oil Company did not also transfer the right of first refusal; also that Hudson Oil Company failed to give timely notice to defendants of intention to exercise the option to renew the lease for an additional term of five years, that such failure terminated the lease agreement, and that at the end of the primary term Hudson was a tenant at will or a tenant on a month-to-month basis.

■■■ We do not find it necessary to reach the difficult question as to whether Suraci's assignment to Hudson Oil Company of the lease involving the property in this case, also conveyed the right of first refusal contained in the lease. We hold, in agreement with the District Judge, that appellant Hudson Oil did not timely renew the lease. In its

complaint Hudson alleges timely renewal and in the affidavit supporting its motion for summary judgment again states the conclusion that timely renewal was made. But the record is devoid of proof to this effect and there is no statement, affidavit or proof of any kind that appellee owners of the property were notified by Hudson of intention to renew the lease. The first that McLeod and wife knew about the desire to renew the lease was contained in the registered letter of June 27, 1960 which enclosed a copy of the so-called April 25, 1960 written renewal. Nor does the record justify a finding of waiver of notice within the Alabama rule of McIntyre v. Coker, 274 Ala. 457, 150 So.2d 220 (1963). Waiver cannot be implied from the facts here, including acceptance of increased rent. It must be manifested in some unequivocal manner not found here. Liverpool & London & Globe Ins. Co. v. Dickinson, 242 Ala. 107, 5 So.2d 90 (1941). We hold, therefore, that the District Judge's ruling was correct, that there was no timely renewal, and that the lease of the property expired by its terms on October 31, 1960. The right of first refusal, if it existed by assignment from Suraci—and we do not decide this—would have subsisted until the expiration of the primary term of the lease. Thus appellant contends that the granting of the option by appellee owners on June 3, 1960 to Motor Investment Corporation was a breach of the agreement to grant the right of first refusal to lessee and, therefore, that it was unnecessary for the Court to decide whether the lease was renewed since the alleged breach of contract occurred during the primary term of the lease.

We are unable to agree with this contention because the June 3, 1960 option which granted the right to purchase the larger parcel of ground (not involved in this case) also granted an option within one year to purchase the property involved here provided, however, that the first option was exercised and title ac-

tually taken to the larger parcel. It cannot be said, therefore, that before October 31, 1960, the date of the expiration of the primary term of the lease, appellee owners had undertaken to sell the leased premises. All they had done was grant an option on a larger parcel conditional upon another option to purchase the property involved here, and it was not until December 4, 1961, that the option to purchase the larger parcel was exercised and title actually conveyed. Occurrence of this event triggered the right of optionee to purchase the property involved here within one year, and that option was ultimately exercised and title transferred on June 16, 1964. There was, therefore, no breach of the right of first refusal if in fact such a right existed in Hudson Oil, appellant herein. As appellant's counsel states it (in a lower court brief brought to our attention by opposing counsel):

" * * * the option of June, 1960, is not by its terms binding upon anybody as far as the parties thereto were concerned. An examination of its terms shows that, first of all, the parties agreed, while giving an option on other lands, to later give an option on the land involved in this law suit. Secondly, the document expressly says that if any title defect occurred, each party is excused from performance. It should be quite apparent that the Hudson situation is such a title defect as would excuse performance."

Since the facts disclose, therefore, that the lease was not timely renewed, expired by its terms on October 31, 1960, and no firm agreement to sell the property was made until long after the expiration of the date of the primary term of the lease, the District Court's holding in this regard was correct.

It is unnecessary that we consider any of the other issues raised by the parties since our decision here fully determines the case.

Affirmed.