DECISION
This case comes before the Court from a tenant appeal of a Sixth Division District Court decision, C.A. No. PC98-6259, in a commercial trespass and ejectment action pursuant to G.L. 1956 § 34-18.1-1, et seq., for possession of the premises and nonpayment of rent under the terms of a commercial lease agreement, and a counterclaim for declaratory judgment, breach of contract, and misrepresentation and fraud. Jurisdiction of this Court is pursuant to G.L. 1956 § 34-18.1-9 (4).
 Facts and Travel
The plaintiff and landlord, Richard J. Dyer ("Dyer") in his capacity as Trustee of 19 Blue Beverage Realty Trust, is the owner of property located at 643 Narragansett Industrial Park Drive, Pawtucket, Rhode Island (the "leased premises"). On July 30, 1997, defendant and tenant, Ryder Student Transportation Services, Inc. ("Ryder"), entered into a Commercial Lease for the leased premises. The term of the Commercial Lease was from September 1, 1997 until June 30, 1998. Pursuant to the section entitled Additional Provisions, Options to Renew of the Commercial Lease, Ryder had the option to extend the lease upon the expiration of the lease term, provided that Ryder was not in default of any of the lease provisions, and written notice was given upon not less than ninety (90) days.
The option to extend would have occurred on three separate dates: July 1, 1998 — June 30, 2000; July 1, 2000 — June 30, 2002; and July 1, 2002 — June 30, 2004. On or about March 30, 1998, Ryder submitted a written request to Dyer that the notice provision for the first option period be extended to April 30, 1998. On or about April 2, 1998, Dyer agreed to the extension in writing. On or about April 30, 1998, Ryder submitted a second written request to Dyer that the notice provision for the first option period be extended until June 15, 1998.
Receiving no written response from Dyer regarding the second request for extending the notice provision for the first option period, Ryder exercised the option in writing on or about May 13, 1998. Subsequent to submitting written notice of exercising the option to renew, Ryder tendered and Dyer accepted the July 1998 rental payment.
The Sixth Division District Court granted possession of the leased premises to Dyer, and all claims and counterclaims remained open for a trial de novo in Superior Court. Ryder timely appeals the Sixth Division District Court's decision.
 Standard of Review
In an appeal from the District Court to the Superior Court of a commercial trespass and ejectment action pursuant to G.L. 1956 § 34-18.1-1, et seq., for possession of the premises and nonpayment of rent under the terms of a Commercial Lease, the parties have a statutory right to appeal the judgment and are entitled to a de novo hearing by the Superior Court. G.L. 1956 § 9-12-10; see also Chrysler First Fin. Serv. Corp. v. VanDaam, 566 A.2d 390 (R.I. 1989), cert. denied, 495 U.S. 936, 110 S.Ct. 2182, 109 L.Ed.2d 511 (1990); Putnam Furniture Leasing Co.,Inc. v. Borden, 539 A.2d 73 (R.I. 1988). Furthermore, "[t]he availability of a hearing de novo at the Superior Court level clearly grants an appellant the right to have the [Superior Court Justice] use [her] independent judgment in ruling on the merits of the case." Finney Outdoor Adver. Co., Inc. v. Cordeiro,485 A.2d 910, 911 (R.I. 1984) (citation omitted).
 The Option to Renew
Dyer claims that Ryder failed to provide timely notice of its intention to renew the Commercial Lease pursuant to the Additional Provisions section entitled Options to Renew. As such, the Commercial Lease terminated by its own terms on June 30, 1998. Ryder contends, inter alia, that it exercised the option to renew, tendered the rental payment for July 1998, and Dyer breached the Commercial Lease.
The giving of notice by a tenant to extend the lease is a condition precedent for the benefit of a landlord. Wachovia Bank Trust Co., N.A. v. Rubish, 293 S.E.2d 749, 754 (N.C. 1982). Ryder's right to renew the Commercial Lease is a substantial rather than a formal right. Id. at 755. A tenant must strictly comply with the notice provisions of an option contract. CrownConstr. Co. v. Huddleston, 961 S.W.2d 552, 558 (Tex. App. 1997). On the other hand, acceptance of the option by a landlord must be "unqualified, unambiguous, and strictly in accordance with the terms of the agreement." Id.
If notice by a tenant is not given to a landlord in accordance with the terms of the lease, the right to renew has been lost or has lapsed, unless evidence is presented that a landlord waived the notice provisions. C.R. Anthony Co. v.Wal-Mart Properties, Inc., 54 F.3d 515, 518 (8th Cir. 1995);Wachovia, 293 S.E.2d at 754; Abou-Sakher v. Humphreys County,955 S.W.2d 65, 68 (Tenn. App. 1997). "The rationale for this rule is the principle that `time is of the essence of an option, and that the giving of notice, as stipulated, is a condition precedent to the vesting of the renewal right.'" Wachovia, 293 S.E.2d at 755 n.6 (citations omitted). As such, "`a privilege of renewal upon written notice given at a certain time prior to the expiration of the lease is held to be an obligation of which time is of the essence, is valid, and must be strictly construed.'" Id.
The Commercial Lease specifically provided that Ryder had ninety days prior to the expiration of the lease to give written notice to Dyer of Ryder's intent to exercise the option to renew. The unambiguous Options to Renew section of the Commercial Lease will be enforced in accordance with its terms. C.R. Anthony, 54 F.3d at 518. Ryder requested and Dyer accepted an extension to the notice provision of the Options to Renew section of the Commercial Lease. On the last day of the extension date, April 30, 1998, Ryder requested once again that Dyer extend the notice provision. However, Dyer never responded in writing to Ryder's second request. On or about May 5, 1998, Counsel for Ryder received a telephone call informing him that Dyer was not renewing the Commercial Lease. On or about May 13, 1998, Counsel for Ryder sent written notice to Dyer that Ryder was exercising his option to renew. Ryder exercised his option thirteen days beyond the agreed upon time period in the first written extension to the notice provision. In the interim, Ryder tendered and Dyer accepted the July 1998 payment for the new renewal period. The pivotal issue becomes whether or not Dyer waived the notice provision of the Commercial Lease by accepting the July 1998 rental payment.
If Dyer waived the notice provision of the Commercial Lease by accepting the July 1998 rental payment, Ryder had an irrevocable right to extend the Commercial Lease. SeeAbou-Sakher, 955 S.W.2d at 65. The meaning of a waiver in the context of this matter can best be described as follows:
 "Waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some benefit or advantage, which, but for such waiver, he could have enjoyed. It may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was his intention and purpose to waive."
Id. The evidence in this case does not substantiate a finding of a waiver of the notice provision by Dyer. Dyer did not sign the second request for an extension of the notice provision. None of the provisions of the Commercial Lease compel Dyer to grant any extension or even to respond to Ryder's request for an extension. Ryder did not actually exercise its option to renew the Commercial Lease until thirteen days beyond the expiration of the first extension of the notice provision. In addition to exercising its option to renew, Ryder gave notice to Dyer that it refused to vacate the premises on June 30, 1998.
Most importantly, the payment and acceptance of the July 1998 rental does not constitute a waiver of the notice provision on the part of Dyer. Ryder asked for a second extension of the notice provision on the expiration day of the first extension. Although Dyer accepted the July 1998 rental payment, it did not sign the second extension request and filed a Complaint for Eviction on July 20, 1998. Dyer's actions signify that it identified Ryder as a holdover tenant. Waiver cannot be implied by the acceptance of increased rent as it must be "manifested in some unequivocal manner not found here." Hudson Oil Co. of Mobilev. McLeod, 424 F.2d 1269, 1271 (5th Cir. 1970).
Since the actions of Dyer did not constitute a waiver, Ryder lost his right to renew the Commercial Lease for failure to comply strictly with the terms of the first extension to the notice provision. Ryder had until April 30, 1998 to exercise its option to renew. It is well settled that time is of the essence when giving notice to vest a renewal right. Wachovia, 293 S.E.2d at 755. Ryder had no right to extend unilaterally the notice provision under the terms of the Commercial Lease. Accordingly, the Commercial Lease terminated by its own terms.
Ryder also filed a counterclaim against Dyer for misrepresentation and fraud alleging Dyer had entered into agreements and restrictions with the City of Pawtucket. This Court finds that Ryder has not presented sufficient evidence to satisfy its burden of proof. As such, Ryder's counterclaim of misrepresentation and fraud is without merit.
For the reasons set forth above, this Court finds that Dyer is entitled to possession of the leased premises. Dyer argues that pursuant to the Commercial Lease, it is entitled to recover reasonable attorney's fees for defending this action. However, the Commercial Lease specifically provides that reasonable attorney's fees shall be awarded relating only to reletting the leased premises, an issue not relevant to this action. Pursuant to G.L. 1956 § 34-18.1-9 (b)(1), Dyer shall be awarded all rent due and owing, plus costs.
Therefore, Ryder's appeal is denied, and this Court affirms the decision of the Sixth Division District Court.
Counsel shall prepare the appropriate order for entry.